OPINION
{¶ 1} On September 5, 2003, appellant, Clayton Smith, filed a legal malpractice complaint against appellee, Craig Conley. Appellee had represented appellant in a criminal matter in which a jury on August 21, 2002 convicted appellant of passing a bad check in violation of R.C. 2913.11 (Case No. 2002CR0215).
 {¶ 2} On November 4, 2003, appellee filed a motion for leave to plead. On November 10, 2003, appellant filed a motion for default judgment. By judgment entry filed November 12, 2003, the trial court denied appellant's motion for default judgment and granted appellee's motion for leave to plead.
 {¶ 3} Appellee filed an answer and counterclaim on November 25, 2003 and a motion for summary judgment on December 19, 2003. By judgment entry filed February 4, 2004, the trial court granted appellee's motion for summary judgment, finding appellant's claim was barred by the applicable statute of limitations. The trial court dismissed the entire case on March 12, 2004.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The court had committed irreversible error, when they allowed an automatic leave to plead to be docketed and refused to allow a default judgment when the complaint was not properly answered within the twenty-eight (28) days allowed by rule."
 II {¶ 6} "The court had committed irreversible error in denying appellant's rule 60(b) to vacate summary judgment, and appellant's motion for reconsideration, and appellant's motion for reconsideration due to fraud."
 III {¶ 7} "The court wrongfully rendered summary judgment against appellant despite material issues of fact, regarding appellant's having not filed within the applicable statute of limitations, and as to the facts for legal malpractice alleged by the appellant."
 IV {¶ 8} "The court had erred in not considering all aspects and issues, included in the complaint."
 V {¶ 9} "The court had committed irreversible error in not addressing the appellant's issue of fraud and motion for relief should have been granted."
 VI {¶ 10} "The court improperly determined this action to be time barred and miscalculated the ending date of the attorney-client relationship."
 I {¶ 11} Appellant claims the trial court erred in granting appellee leave to plead and denying his motion for default judgment. We disagree.
 {¶ 12} App.R. 3(D) governs content of a notice of appeal and states in pertinent part, "The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken."
 {¶ 13} Further, Sup.Loc.R. 6 of the Fifth District Court of Appeals requires the filing of a docketing statement with the notice of appeal:
 {¶ 14} "Each appellant and cross-appellant shall file a fully completed docketing statement, typed or legibly printed, at the same time as filing the notice of appeal or cross-appeal. A docketing statement is not fully completed unless a time-stamped copy of the judgment being appealed is attached. The party prosecuting an appeal shall serve a copy of the completed docketing statement together with the notice of appeal on the opposing party."
 {¶ 15} The notice of appeal and docketing statement in this case only list the February 4, 2003 judgment entry, the granting of the summary judgment, as being the entry appealed from. We therefore conclude the trial court's decisions to deny default judgment and permit appellee's answer are not the subjects of this appeal.
 {¶ 16} Substantively, we find the trial court's decision to permit appellee to answer the complaint after a leave to plea, albeit defectively drafted, filed prior to the answer date is within the Supreme Court of Ohio's directives that each person has the right to their day in court. Peterson v. Teodosio
(1973), 34 Ohio St.2d 161.
 {¶ 17} Assignment of Error I is denied.
 III, VI {¶ 18} Appellant claims the trial court erred in granting summary judgment to appellee because his malpractice action was time barred by R.C. 2305.11(A). We agree.
 {¶ 19} The applicable statute of limitations for a legal malpractice claim is one year. R.C. 2305.11(A). For purposes of determining the one year, the statute of limitations begins to run when there is a "cognizable event" "whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later."Zimmie v. Calfee, Halter and Griswold (1989), 43 Ohio St.3d 54, syllabus.
 {¶ 20} Appellant argues he brought his claim within the one year statute of limitations because the "cognizable event" occurred during the September 11, 2002 hearing for new trial when he learned of appellee's malpractice in not introducing evidence in the form of transcripts into the trial record. Appellee argues the "cognizable event" occurred when appellant was convicted.
 {¶ 21} Upon review, we agree with appellee and find the cognizable event in this case was the conviction which was the genesis of the motion for new trial. There can be no doubt that appellant knew or should have known that malpractice occurred on August 21, 2002 with his conviction by a jury. Therefore, the next question is when did the attorney/client relationship cease to exist? Appellee argues it was with his August 26, 2002 letter to appellant which stated the following:
 {¶ 22} "In short, we simply cannot and will not continue to represent you. Therefore, we will be filing a motion to withdraw as your counsel two weeks from today (or on September 10, 2002) in order to give you ample time to retain substitute counsel for your September 26, 2002 sentencing hearing. (See enclosed Assignment Notice, a copy of which was previously provided to you.)" See, Letter to Clayton B. Smith from Craig T. Conley, Esq., attached to Appellant's Brief as Exhibit 1.
 {¶ 23} In the alternative, appellant filed a pro se motion for new trial on September 3, 2002.
 {¶ 24} For the following reasons, we find the termination of the attorney/client relationship occurred on September 6, 2002 when appellee moved to withdraw from the criminal case. We find this to be the date because of the mandates of the criminal rules and the Ohio and United States Constitutions.
 {¶ 25} The right to counsel is guaranteed in all criminal cases. See, Sixth Amendment to the United States Constitution; Section 10, Article I, Ohio Constitution. Because of these constitutional guarantees, Loc.R. 17.05(D) of the Court of Common Pleas of Stark County, General Division, does not permit the withdrawal of counsel unless a motion is filed and it is done in open court:
 {¶ 26} "An attorney who appears or enters an appearance for a defendant shall not be permitted to withdraw except in open court in the presence of the defendant and upon written entry approved and filed NOT LESS THAN thirty (30) days before the date assigned for trial."
 {¶ 27} Therefore, we conclude the effective date of the termination of the attorney/client relationship was on September 6, 2002.[1] The filing of the case sub judice on September 5, 2003 was within the parameters of R.C. 2305.11(A).
 {¶ 28} Assignments of Error III and VI are granted. Based upon the foregoing, Assignments of Error II, IV and V are moot.
 {¶ 29} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part, reversed in part and remanded.
Farmer, J. Gwin, P.J. and Reader, V.J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed in part, reversed in part and the matter is remanded to said court for further proceedings consistent with this opinion.
[1] We note within our record is only the docket of the criminal case and the docket does not reflect if the motion to withdraw was ever ruled upon by the trial court.