[Cite as *Reed Elsevier, Inc. v. Carter*, 2017-Ohio-7513.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| REED ELSEVIER, INC. | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 27483 |
| | : | |
| v. | : | T.C. NO. 15-CV-3367 |
| | : | |
| JULIUS L. CARTER, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellants | : | |
| | : | |

. . . . . . . . . . .

# **O P I N I O N**

Rendered on the 8th day of September, 2017.

. . . . . . . . . . .

ANDREW C. STORAR, Atty. Reg. No. 0018802 and MICHAEL W. SANDNER, Atty. Reg. No. 0064107 and MICHELLE T. SUNDGAARD, Atty. Reg. No. 0096006, 2700 Kettering Tower, Dayton, Ohio 45423
      Attorneys for Plaintiff-Appellee

JULIUS L. CARTER, Atty. Reg. No. 0084170, 130 W. Second Street, Suite 1622, Dayton, Ohio 45402
      Attorney for Defendants-Appellants

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Julius L. Carter, Company, LPA ("the law firm") appeals from a judgment of

the Montgomery County Court of Common Pleas, which dismissed the action of Reed

Elsevier (dba LexisNexis) against the law firm and Julius Carter, individually, after the law firm paid an agreed-upon settlement amount.   The law firm claims that the settlement agreement, which the trial court required Carter to sign on behalf of the law firm, did not accurately reflect the orally-stated settlement between the parties, and that the trial court erred in requiring Carter to sign Reed Elsevier's written settlement agreement.   For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} In the summer of 2015, Reed Elsevier brought suit against Carter and the law firm for breach of contract and declaratory judgment, alleging that Carter and the law firm had breached their Subscription Agreements for online LexisNexis research services. Reed Elsevier sought $5,585.69 in unpaid fees.

{¶ 3} The law firm and Carter filed answers, both denying the allegations and raising a counterclaim against Reed Elsevier for breach of contract.   Carter subsequently filed an amended answer and counterclaim for common law fraud against Reed Elsevier, as well as two additional new parties, LexisNexis and Patricia Moneagle (who appears to be a LexisNexis employee).   Upon motion by Reed Elsevier, Carter's amended answer was struck, and the previously-filed counterclaim by Carter and the law firm were stayed in light of an arbitration provision in the Subscription Agreement.   Reed Elsevier's claims against Carter and the law firm were not stayed, however, because claims for non-payment were exempted from the arbitration provision.

{¶ 4} The parties filed cross-motions for summary judgment on Reed Elsevier's breach of contract claims.   The trial court overruled each of the motions.

{¶ 5} On May 12, 2016, the parties appeared for trial, but they informed the court that they had reached a settlement.   The parties described the settlement as follows:

MR. SANDNER [attorney for Reed Elsevier]: Thank you, Your Honor. My understanding is we're going to receive a check for $3,000 from Julius L. Carter Co., LPA. We will have a mutual settlement agreement, which there's no admission of liability[,] that indicates once those funds are received, the lawsuit claims, counterclaims, will all be dismissed with prejudice to refiling. And I think I've covered all of the components.

THE COURT: And the check, Julius, you're going to write the check for $3,000 from your -- from the LPA and then it will be a dismissal, which will dismiss the lawsuit against you personally and the LPA?

MR. CARTER: But [it] was my understanding, Your Honor, that there would be a dismissal with respect to me personally, and a settlement with just the LPA. Am I incorrect in that?

MR. SANDNER: We are fine that the settlement agreement just be executed by the LPA.

THE COURT: Okay.

MR. SANDNER: There is only one case.

THE COURT: Right.

MR. SANDNER: All things are combined in that case, which will be dismissed with prejudice.

THE COURT: So -- so the case will be dismissed with prejudice against both parties, but the settlement, the release will just be between you and the LPA? Between LexisNexis and the LPA, I apologize?

MR. CARTER: And that will be acceptable, Your Honor.

THE COURT: Okay. Very well. So that's how we'll proceed. Thanks everyone for your reasonableness in this matter.

{¶ 6} On June 27, 2016, Reed Elsevier filed a motion to enforce the settlement, stating that "Defendant has failed and refused to execute a standard settlement agreement and release and to tender the settlement proceeds." Reed Elsevier supported its motion with copies of correspondence between the parties regarding the language of Reed Elsevier's proposed settlement agreement, revised drafts of the proposed settlement agreement, and draft dismissal entries. Reed Elsevier also requested attorney fees relating to the motion to enforce the settlement.

{¶ 7} On August 12, 2016, the law firm also filed a motion to enforce the settlement. The law firm stated that Reed Elsevier's proposed settlement agreement sought to maintain the right to bring certain claims and that the proposed dismissal entry gave the impression that Carter individually was settling with Reed Elsevier. The law firm attached Reed Elsevier's initial proposed settlement agreement (minus the signature page) and proposed dismissal entry.

{¶ 8} The trial court held a hearing on the motions on August 26, 2016, during which Carter, as counsel for the law firm and himself, and Michael Sandner, Reed Elsevier's counsel, testified. The parties discussed the language in Reed Elsevier's proposed settlement agreement related to the court's retention of jurisdiction to enforce the settlement; Carter did not object to the inclusion of that language. The parties further agreed that the dismissal entry would refer to the settlement "between Julius L. Carter Company, LPA and Reed Elsevier" and, in exchange, the dismissal entry as to all parties would not be filed until after the settlement check had cleared. The parties continued to

dispute whether the following language added material terms to the oral agreement:

2. So long as the Defendant's obligations herein are performed, LexisNexis a Division of RELX, Inc., for itself, its officers, agent, employees, successors, and assigns, hereby remises, releases, and forever discharges Julius L. Carter, Co., LPA, and Julius L. Carter, of and from any and all claims, rights, liability, causes of action of whatsoever kind or nature arising out of the litigation whether known or unknown, disputed, or otherwise resulting from any acts or omissions in any way related to the litigation; *provided, however, that this Settlement Agreement and Release shall neither include nor apply to misappropriation of proprietary data or infringement of intellectual property belonging to or licensed to LexisNexis a Division of RELX, Inc.*

* * *

4. *Expressly excluded from the terms of this Settlement Agreement are any claims concerning each Party's respective obligation to comply with the specific terms of this Settlement Agreement and Defendant's obligations to pay all amounts due for any other products and services received from or made available by LexisNexis a Division of RELX, Inc., or any affiliate, other than the claim set forth in the Litigation. Except for the agreement referenced in the Litigation, any other of Defendant's agreements with LexisNexis a Division of RELX, Inc., are excluded from this Settlement Agreement.*

(Emphasis added.)

{¶ 9} On September 19, 2016, the trial court granted Reed Elsevier's motion to enforce the settlement, denied Reed Elsevier's motion for attorney fees, and denied the law firm's motion to enforce the settlement. The trial court reasoned that the disputed language in paragraph two "does not represent a condition that was neither negotiated nor agreed upon, but, instead, is a specific articulation of the concept that a settlement agreement/release acts only to resolve claims that are related to or arise from the potential or pending litigation." With respect to paragraph four of the agreement, the court similarly concluded that the language "does not represent a condition that was neither negotiated or agreed upon, but, instead is a specific articulation of two essential elements of any settlement agreement/release; first, that the release does not relieve the parties from the obligations agreed upon to resolve the potential or actual lawsuit, and, secondly, a settlement agreement/release cannot, unless otherwise agreed upon, affect any other contracts or agreements the parties have entered into."

{¶ 10} The trial court ordered Carter, on behalf of the law firm, to sign the settlement agreement as presented and to pay the $3,000 settlement amount to Reed Elsevier. The court also ordered the parties to sign the agreed dismissal entry (with the orally agreed-upon change) and to file the entry with the clerk of courts after the settlement check cleared the bank.

{¶ 11} On October 17, 2016, the law firm appealed the trial court's ruling, but we dismissed that appeal for lack of a final appealable order. *Reed Elsevier, Inc. v. Carter*, 2d Dist. Montgomery No. 27300 (Decision and Final Judgment Entry, Jan. 6, 2017). Carter and the law firm subsequently requested a final appealable order from the trial court.

{¶ 12} On January 31, 2017, the trial court filed a "Dismissal Entry," in which it noted that Carter, on behalf of the law firm, had signed the settlement agreement and paid the settlement amount, but had not signed the agreed dismissal entry because the entry contained language that would preclude an appeal. The trial court relieved Carter of his obligation to sign the dismissal entry and, due to the parties' compliance with the court's September 19, 2016 decision, the court dismissed the case in its entirety.

{¶ 13} The law firm appeals from the trial court's January 31, 2017 entry, raising three assignments of error:

1. The trial court erred in sustaining Plaintiffs' [sic] Motion to Enforce the Settlement Agreement, where that agreement was in conflict with the on[-]the[-]record settlement agreement of the parties.

2. The trial court erred in requiring Defendants to sign the Settlement Agreement, where that agreement was materially different and in conflict with the agreement made by the parties on the record.

3. The trial court erred in denying Defendants' Motion to Compel Settlement, where the terms of the settlement agreement were read into the record.

{¶ 14} "Where the parties enter into a settlement agreement in the presence of the court, such an agreement constitutes a binding contract." *Graham v. Boerger*, 2d Dist. Darke No. 2014-CA-17, 2015-Ohio-3261, ¶ 11, citing *Spercel v. Sterling Industries*, 31 Ohio St.2d 36, 285 N.E.2d 324 (1972). "It is axiomatic that a settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and that such agreements are valid and enforceable by either party." *Id.*, citing *Continental W.*

*Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502, 660 N.E.2d 431 (1996).

**{¶ 15}** " 'An agreement is enforceable if it encompasses the essential elements of the bargain.' *Mr. Mark Corp. v. Rush, Inc.* (1983), 11 Ohio App.3d 167, 169, 464 N.E.2d 586. If less essential terms are omitted from an agreement, they may be resolved by 'later agreement or judicial resolution.' *Id.* 'If the court can determine that the parties intended to be bound, it may fashion those less essential terms that were omitted in order to reach a fair and just result.' *Imbrogno v. MIMRx.COM, Inc.*, 10th Dist. No. 03AP–345, 2003–Ohio–6108." (Additional citations omitted.) *Ruffian, L.L.C. v. Hayes*, 10th Dist. Franklin No. 09AP-948, 2011-Ohio-831, ¶ 17.

**{¶ 16}** In *Murra v. Farruato*, 2017-Ohio-842, __ N.E.3d __ (10th Dist.), the Tenth District addressed whether the trial court improperly added terms to a settlement that had been orally stated on the record. The parties in *Murra* reached a settlement regarding their business dispute, and they orally placed on the record the economic terms of the settlement; those terms included an initial payment and subsequent quarterly payments for 36 months. Soon after, the plaintiff's counsel attempted to reduce the agreement to writing. Plaintiff's draft settlement agreement included new and previously-undiscussed terms, including penalties and interest on the quarterly payments. Defendant's counsel responded with a "red-line version." The parties were unable to agree on the wording of the settlement, and the plaintiff subsequently moved to enforce the oral settlement. After a hearing, the court filed a settlement entry, which included terms that had not been orally stated; those terms addressed, for example, the specific payment schedule, the release of claims, the parties' authority to enter into a settlement, and the continuing jurisdiction

of the trial court.

{¶ 17} The plaintiff appealed, claiming that the trial court erred in "entering in a settlement order that included terms never proposed, negotiated or accepted by appellant." The Tenth District disagreed with the plaintiff, stating that the trial court "did not err in fashioning a settlement entry and release of claims in 'order to reach a fair and just result.'" *Id.* at ¶ 19, quoting *Ruffian* at ¶ 17. The appellate court reasoned:

> There is no dispute that the parties intended to be bound to the settlement
> agreement. The basic economic provisions of the terms of the settlement
> were stated on the record. The remainder of the settlement entry simply
> contains the "less essential terms" necessary to effectuate the conclusion
> of the matter. There is absolutely nothing inconsistent between the
> transcript of the agreement between the parties and the settlement entry or
> release of claims. In short, it is not a "new" agreement but, rather, it is a
> written agreement that fully and accurately reflects the parties' agreement.

*Murra* at ¶ 18.

{¶ 18} Here, both Reed Elsevier and Carter expressed at the August 26, 2016 hearing that they had previously reached a settlement, the basic terms of which had been orally stated on the record on May 12, 2016. Both parties wanted to enforce the oral settlement.

{¶ 19} The language in Reed Elsevier's proposed settlement agreement included terms that were not orally stated on the record. However, we disagree with the law firm's contention that the terms are in conflict with the orally-stated terms. The additional language does not alter the settlement amount, the parties to the settlement, or the

agreement that the lawsuit would be dismissed with prejudiced upon receipt of the settlement money. And, unlike the settlement entry in *Murra*, which added new terms, the additional language in Reed Elsevier's proposed settlement agreement concerns the release of claims, a matter inherent in the parties' settlement.

{¶ 20} Moreover, upon review of the proposed settlement agreement, we conclude that the settlement agreement is not, as the law firm contends, "materially different" than the orally-stated agreement. Paragraph two contains a general release for all claims arising out of or related to the litigation. There were no allegations in this lawsuit related to the "misappropriation of proprietary data or infringement of intellectual property belonging to or licensed to LexisNexis a Division of RELX, Inc." The additional language in paragraph two that the settlement agreement does not apply to "misappropriation of proprietary data or infringement of intellectual property belonging to or licensed to LexisNexis a Division of RELX, Inc.," while perhaps superfluous, does not alter the nature of the release. As stated by the trial court, the language "represent[s] a specific articulation of the indicated inherent, implicit concept that if a cause of action exists that is not connected to that which is being settled, the settlement agreement/release will not act to extinguish such a claim."

{¶ 21} The same is true of paragraph four of the settlement agreement, which sets forth additional exclusions from the settlement agreement. Implicit in the settlement of litigation is that the parties are bound by the terms of the settlement and cannot release themselves from the obligations imposed in the settlement agreement. While the parties' oral agreement did not address other contracts between the parties, paragraph four did not materially alter the settlement by stating that the settlement did not affect any other

agreement or contract between them.

{¶ 22} We therefore find no error in the trial court's order that Carter, on behalf of the law firm, sign the settlement agreement as presented by Reed Elsevier. The assignments of error are overruled, and the trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Andrew C. Storar
Michael W. Sandner
Michelle T. Sundgaard
Julius L. Carter
Hon. Mary Katherine Huffman,
Administrative Judge