[Cite as *Hinds v. Muskingum Cty.*, 2017-Ohio-8212.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CONNIE R. HINDS, DECEASED/<br>MARK HINDS, SPOUSE | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. CT2016-0063 |
| MUSKINGUM COUNTY | |
| Defendant-Appellee | O P I N I O N |
| and | |
| ADMINISTRATOR, BUREAU OF<br>WORKERS' COMPENSATION | |
| Defendant-Appellant | |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County Court
                             of Common Pleas, Case No. CD2014-0357

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:      October 13, 2017

APPEARANCES:

For Plaintiff-Appellee – Hinds          For Defendant-Appellant – Administrator, BWC

THOMAS L. REITZ                         MICHAEL DEWINE
Larrimer and Larrimer                   Ohio Attorney General
165 N. High Street
Columbus, Ohio 43215                    NATALIE J. TACKETT
                                        Assistant Attorney General
                                        Workers' Compensation Section
For Defendant-Appellee – Muskingum County   150 East Gay Street, 22nd Floor
                                        Columbus, Ohio 43215
WILLIAM R. CREEDON
TIMOTHY E. COWANS
Scott Scriven, LLP
250 East State Street, Suite 900
Columbus, Ohio 43215

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Administrator, Bureau of Workers' Compensation (hereinafter "BWC") appeals the judgment entered by the Muskingum County Common Pleas Court allowing the claim for the death of Connie R. Hinds for an injury sustained in 2006, and denying the claim for an injury sustained in 2007, and ordering all death benefits paid to Mark Hinds to be retroactively and prospectively processed under the 2006 claim. Appellees are Connie Hinds, Mark Hinds, and Muskingum County.

<u>STATEMENT OF THE FACTS AND CASE</u>[1]

**{¶2}** During the course of her employment with Muskingum County, Connie Hinds sustained two industrial injuries. The first injury occurred January 23, 2006, and her workers' compensation claim was allowed for the condition of "neck sprain." On July 17, 2007, Connie Hinds was injured a second time, and her claim was allowed for the conditions of "neck sprain and thoracic sprain."

**{¶3}** Connie Hinds died on January 4, 2010. Mark Hinds applied for death benefits in both the 2006 and 2007 claims. The Industrial Commission granted the application for benefits in both claims. As to the 2006 claim, the Commission determined benefits would be paid solely per the order in the 2007 claim. The order of the Industrial Commission in the 2007 claim provided for weekly benefits to be paid to Mark Hinds, finding the death was directly caused by medication prescribed and taken in the 2007 claim.

---

[1] Many of the facts contained in the briefs of the parties are outside the record before this Court.

{¶4} Muskingum County appealed to the Common Pleas Court in 2011. Mark Hinds then filed a complaint as required by R.C. 4123.512, rendering Mark Hinds the plaintiff and Muskingum County and BWC the defendants. However, because this was an employer appeal, BWC was aligned with the interests of the plaintiff. Ultimately, the 2011 action was dismissed.

{¶5} The case was reopened by the filing of a complaint by Hinds in 2014. The matter was set for trial on September 27, 2016. However, on September 9, 2016, the trial court entered judgment in pertinent part as follows:

Ohio Bureau of Workers' Compensation Claim No. 06-305223 is hereby allowed for the condition of "death" as a result of Plaintiff, Connie R. Hinds' January 23, 2006 injury that was sustained in the course of and arising out of her employment with Defendant, Muskingum County. Plaintiff's spouse, Mark Hinds, born on May 28, 1960, was wholly dependent upon Plaintiff, Connie R. Hinds, now deceased, at the time of her death. The provisions for the payment of all death benefits to Plaintiff's spouse, Mark Hinds, are to be retroactively and prospectively processed under Claim No. 06-305223. Ohio Bureau of Workers' Compensation Claim No. 07-359320 is denied for the condition of "death" as there is insufficient evidence supporting a finding that Plaintiff, Connie R. Hinds' death was causally related to her July 17, 2007 workplace injury with Defendant, Muskingum County.

**{¶6}** Although the entry listed the attorneys' names at the bottom, the entry did not include signature lines for the attorneys or parties, nor did it indicate on its face it was an agreed entry or reflected a settlement agreement.

**{¶7}** By entry filed October 13, 2016, the court set a hearing for October 28, 2016. At the hearing, the court heard arguments of counsel concerning the September 9, 2016 entry. Counsel for BWC indicated at the hearing they were not a party to the settlement discussions. Counsel for Muskingum County responded an agreement was reached between the county and the plaintiff, and counsel for BWC indicated she would not object to the entry, although she would not affirmatively agree. Tr. 4. At the hearing, counsel for BWC expressed opposition to the language of the entry as filed by the court, specifically the language concerning retroactive and prospective application. Counsel for the county represented to the court there was a change in the insurance designation for the county between 2006 and 2007, and the 2007 claims have a billing period for ten years, which is why the county pressed to have the matter resolved before the end of the year. Tr. 17. Counsel for BWC noted the effect of the entry as it stood was to shift the entire financial burden of the allowance of the claim to BWC, with the county bearing no responsibility. Tr. 24.

**{¶8}** The trial court enforced the original settlement agreement as agreed to between counsel for plaintiff and counsel for Muskingum County:

> The Court's going to enforce the original agreement, based upon the fact it was led – led by the parties into dismissing the case. It would be virtually impossible to get it in within the time period you need to have it

done in.  And being misled as to the fact that there was a settlement, I will enforce it.  And anything you need to have it enforced, please provide it to the Court.

Tr. 26.

**{¶9}** BWC prosecutes this appeal from the September 9, 2016 order of the court, assigning the following as error:

"I.  THE TRIAL COURT ERRED BY FINDING THAT ALL PARTIES HAD AGREED TO THE TERMS OF THE PROPOSED ORDER TO ENFORCE THE SETTLEMENT ENTRY SIGNED SOLELY BY THE COURT ON SEPTEMBER 9, 2016 WHEN NO WRITTEN EVIDENCE EXISTS TO SUPPORT THE DECISION.

"II.  THE COURT LACKED JURISDICTION UNDER R.C. 4123.512 TO ENTER THE ORDER DATED SEPTEMBER 9, 2016, AS IT ADDRESSED EXTENT OF DISABILITY ISSUES AND/OR PROSPECTIVE OR RETROSPECTIVE PREMIUM RATING ISSUES WHICH ARE BEYOND THE SCOPE OF THE COURT'S AUTHORITY.

"III.  THE ORDER DATED SEPTEMBER 9, 2016, IS NOT ENFORCEABLE AGAINST THE APPELLANT BWC, AS ITS CONTENTS ARE OUTSIDE THE SCOPE OF R.C. 4123.512.

**{¶10}** As a preliminary matter, Appellees Connie and Mark Hinds have filed a motion to dismiss and a motion to strike evidence, which this court took under advisement until merit review.

**{¶11}** Motion to dismiss:  Appellees argue the instant appeal, filed December 1, 2016, is untimely as to the September 9, 2016 judgment of the trial court.

**{¶12}** App. R. 4(A)(1) provides an appeal must be filed within thirty days of the entry appealed from.  App. R. 4(D) states "entry" or "entered" means when a judgment or order is entered under Civ.R. 58(A).  Pursuant to Civ. R. 58(A), "A judgment is effective only when entered by the clerk upon the journal."  The journal in the instant case reflects entry of the September 9, 2016 judgment on November 3, 2016.  Accordingly, BWC's notice of appeal filed December 1, 2016 was filed within thirty days of the entry of the judgment upon the journal.  Appellees' motion to dismiss the appeal as untimely is overruled.

**{¶13}** Motion to strike:  Appellees Connie and Mark Hinds have also filed a motion to strike matters appended to BWC's brief as outside the record.  BWC concedes the matters are outside the record, but argues the record contains irregularities.  BWC argues the affidavits and evidence attached to the brief are appropriate to correct the record under App. R. 9(E):

> If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by the trial court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is

misstated, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that omission or misstatement be corrected, and if necessary that a supplemental record be certified, filed, and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals.

{¶14} Although BWC is correct App. R. 9(E) allows the record to be settled to disclose what truly occurred in the trial court, BWC did not comply with the procedure set forth in the rule to properly correct the record, and as such the evidence attached to Appellant's brief is not properly before this Court.  The motion to strike is granted.

{¶15} We next turn to Appellant's assigned errors.

I.

{¶16} Appellant argues the court erred in adopting the settlement agreement.  We agree.

{¶17} A settlement agreement is a particularized form of a contract. *Noroski v. Fallet,* 2 Ohio St.3d 77, 79, 442 N.E.2d 1302 (1982). It is a "contract designed to terminate a claim by preventing or ending litigation, and * * * such agreements are valid and enforceable by either party." *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.,* 74 Ohio St.3d 501, 502, 1996–Ohio–158, 660 N.E.2d 431. If a contract encompasses the essential terms of the agreement, it is binding and enforceable. *Mr. Mark Corp. v. Rush, Inc.,* 11 Ohio App.3d 167, 169, 464 N.E.2d 586 (8th Dist.1983). The Ohio Supreme Court has stated the issue of "whether the parties intended to be bound *

\* \* is a question of fact properly resolved by the trier of fact." *Oglebay Norton Co. v. Armco, Inc.,* 52 Ohio St.3d 232, 235, 556 N.E.2d 515 (1990). The parties must have a "distinct and common intention that is communicated by each party to the other." *Champion Gym & Fitness, Inc. v. Crotty,* 178 Ohio App.3d 739, 744, 2008–Ohio–5642, 900 N.E.2d 231, ¶ 12.

**{¶18}** A trial court has the authority to conduct a hearing to determine whether or not a verbal settlement agreement has been reached. *Klever v. Stow,* 13 Ohio App.3d 1, 468 N.E.2d 81 (9th Dist.1983). "When the parties agree to a settlement offer, this agreement cannot be repudiated by either party, and the court has the authority to sign a journal entry reflecting the agreement and to enforce the settlement." *Id.* at 4. However, where the meaning of the terms of a settlement agreement is in dispute, or where there is a dispute contesting the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment. *Rulli v. Fan Co.,* 79 Ohio St.3d 374, 377, 1997–Ohio–380, 683 N.E.2d 337.

**{¶19}** The trial court enforced the settlement despite finding no agreement existed. The trial court stated it was "misled" into believing there was a settlement, such language indicating the trial court did not believe there was in fact an agreement.

**{¶20}** Although counsel for the county indicated to the court Appellant stated it would not object to the entry, no evidence was taken by the court on the issue of whether a settlement in fact was reached.[2]

---

[2] Our reading of the transcript of the hearing further indicates multiple versions of the "settlement agreement" were before the court and the parties during the hearing which are not a part of the record on appeal to this Court.

**{¶21}** Counsel for BWC represented the order signed by the court included language beyond the jurisdiction of the court. When the court asked if she brought this up during settlement negotiations, she responded the entry was not given to her during settlement negotiations. Tr. 8. She indicated there was a settlement conference wherein BWC's representative at the time could not agree to the terms of the entry, and the parties were to continue negotiations after that time. *Id.* However, the parties, not involving BWC, "came up with the entries that are before you and submitted them." *Id.*

**{¶22}** After further discussion between the parties as to which of the entries the court ultimately signed and proposed alternate wording that BWC would agree to, the following colloquy occurred. The trial court stated to BWC, "Well, I was told at the beginning of this the – you guys were not be [sic] going to object to the overall settlement of one's going to be denied and one's going to be accepted." Tr. 14. Counsel for BWC responded their position was if the claims go forward, both claims should be allowed.

**{¶23}** The court then asked counsel for the County if it was "his understanding" BWC was not going to object, and counsel responded that was correct. When the court noted BWC was now objecting, counsel for the County responded, "Much more so, strenuously so, than I anticipated on my ride over here this morning." Tr. 19. The discussion continued between the court and counsel for the County:

THE COURT: The issue was, was there a settlement, that people

believed there was a settlement, and should I enforce it or indicate that there

wasn't a settlement. Two of you are saying it was a settlement, and the

Attorney General's office – or the Bureau's office indicated they would not object to it. Is that what both of you are saying?

MR. LARRIMER: Until such time as they got the language in that order it was indicated. So there was an agreement in principle.

Tr. 20.

**{¶24}** When specifically asked by the court who told Appellees' BWC would not object, counsel for the County indicated Ms. Tackett, counsel for BWC. However, counsel for Hinds then represented he had an email status report from his associate on September 23 indicating it was the position of BWC they would not object to the resolution "as outlined." Tr. 22. However, the initial entry by the trial court was signed September 9, several weeks prior to the email.

**{¶25}** A third entry was then discussed, which counsel for BWC again represented she could not agree to. Tr. 26. At this point the court indicated it would enforce the original agreement.

**{¶26}** Nothing in the transcript of the October 28, 2016 hearing demonstrates all parties had a "distinct and common intention" to settle the case pursuant to the terms of the September 9, 2016 entry. *See Champion, supra.* The entry is not signed by any of the parties, nor does it demonstrate on its face it was approved by the parties to the action. Further, during the hearing the parties and the court discussed alternative entries to the one originally signed, and the dialogue between counsel and the court indicates an agreement "in principle" or "as outlined," but not a direct indication BWC "would not object" to the language of the specific entry ultimately signed by the court. The court erred in

approving the settlement which the court acknowledged was not agreed to by all parties to the action.

**{¶27}** The first assignment of error is sustained.

II., III.

**{¶28}** Appellant's second and third assignments of error are rendered moot by our disposition of the first assignment of error and are accordingly overruled.

**{¶29}** The judgment of the Muskingum County Common Pleas Court is reversed. This case is remanded to that court for further proceedings according to law.

By: Hoffman, P.J.

Baldwin, J. and

Wise, Earle, J. concur