[Cite as *Breech v. Liberty Mut. Fire Ins. Co.*, 2017-Ohio-9211.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LOIS BREECH | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 2017CA00012 |
| | : | |
| LIBERTY MUTUAL FIRE INSURANCE | : | |
| COMPANY, ET AL. | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Case No.
                             2016CV00348



JUDGMENT:                    REVERSED AND REMANDED



DATE OF JUDGMENT ENTRY:      December 21, 2017



APPEARANCES:

For Plaintiff-Appellant:                For Defendant-Appellee:

RAYMOND V. VASVARI, JR.                 JOHN G. FARNAN
1301 East Ninth Street                  MONICA L. FRANTZ
110 Erieview Tower                      1301 East 9th Street, Suite 1900
Cleveland, OH 44114-1844                Cleveland, OH 44114-1862

*Delaney, P.J.*

{¶1} Plaintiff-Appellant Lois Breech appeals the December 22, 2016 judgment entry of the Stark County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2} On April 27, 2014, a storm damaged the home of Plaintiff-Appellant Lois Breech. Defendant Liberty Mutual Insurance Company insured her home.

{¶3} Charles Lusher, Breech's grandson, was granted a power of attorney by Breech. Lusher retained the services of Defendant Finnicum Adjusting Company, Inc. to assist Breech in presenting a claim to Liberty Mutual.

{¶4} Lusher hired Defendant-Appellee First Response Restoration to put a tarp on the roof of Breech's home. While the tarp was on the roof, a dispute arose between Breech's representatives and Liberty Mutual as to the coverage for the property damage and value.

{¶5} The parties were unable to resolve the claim for property damage to Breech's home. On April 22, 2015, Breech filed a complaint against Liberty Mutual in the Hamilton County Court of Common Pleas. The complaint was removed to federal court and dismissed. On February 12, 2016, Breech filed a complaint in the Stark County Court of Common Pleas against Defendants Liberty Mutual, Stephen Johnson, Finnicum, Steven Hillman, James Garrity, and First Response. Breech alleged First Response negligently applied the roof tarp to her home. Breech claimed breach of contract and bad faith against Liberty Mutual and employees. As to Finnicum and its employees, Breech claimed breach of contract, fraud, negligence, breach of fiduciary duty, civil conspiracy, and violations of the Fair Debt Collections Practices Act.

{¶6} The trial court set the matter for mediation on August 25, 2016. In the Stark County Court of Common Pleas, a court mediator conducts the mediation. Lusher and counsel represented Breech at the mediation. Breech was unable to resolve her claims against Liberty Mutual and Finnicum. As to First Response, the "Report of Mediation" stated, "A mediation conference took place on the 25th day of August, 2016. The result of the conference is as follows: 1. Case settled CONTINGENT on the following terms: CONFIDENTIAL."

{¶7} On October 17, 2016, First Response filed a Motion to Enforce the Settlement Agreement. In the motion, First Response provided details of its understanding of the settlement negotiations between Breech and First Response. First Response stated that at the mediation, Breech agreed to settle her claims and release First Response in exchange for a confidential amount of money to be paid by Crum & Forster Insurance Company on behalf of its insured, First Response. The adjuster for Crum & Forster participated in the mediation via telephone. After the mediation, counsel for First Response emailed counsel for Breech a draft settlement release. Counsel for Breech objected to the draft release because it failed to include a confidentiality clause. Counsel for First Response agreed to include confidentiality language. Breech did not sign the release. Counsel for the parties spoke again and counsel for Breech requested additional changes to the release. The changes included revised language as to the release of Crum & Forster. Counsel for Breech stated his client would not agree to release Crum & Forster from liability due to concerns that Crum & Forster insured another party, currently unknown, involved in Breech's cause of action. Counsel for First Response offered to draft a release that would release Crum & Forster only in its capacity as the

insurer to First Response. Counsel for Breech stated his client would not sign the release document that included language releasing Crum & Forster of its liability.

{¶8}   Breech responded on October 24, 2016. Breech argued that at mediation, Breech agreed only to release First Response. Crum & Forster was not a party to the action merely because it was the insurer of First Response.

{¶9}   The trial court held an oral hearing on November 10, 2016. William Harter, counsel for Liberty Mutual, testified first on behalf of First Response. He had no knowledge of the terms of the alleged settlement agreement between Breech and First Response. He testified that based on his experience in insurance defense work, it was customary for the insurer to be released when the insurer pays a settlement on behalf of the insured.

{¶10} John Farnan, counsel for First Response, testified over the objection of Breech. Farnan was present at the mediation as counsel for First Response. He testified that it was understood and accepted as common practice in litigation that the client and the entity paying the money were released after a settlement. He recalled the negotiations between counsel for Breech and himself:

> So we spent hours, Mr. Seebohm and I, going back and forth negotiating; and I tried to tailor it as narrowly as possible to accommodate the concerns that he expressed as relayed by Mr. Lusher, her POA.
>
> So for that reason we offered to limit it to this claim, this insured, on this claim only.

* * * We are only asking the Court to confirm that * * * he is releasing First Response Restoration and the paying insurer in its capacity as the insurer of this particular claim that we have been sued on. Nothing else.

I am willing to limit it to that and that's it.

For that reason I am here because I couldn't get that agreement.

(T. 23-25).

{¶11} Farnan was asked by counsel for Breech, "Did we at any time during the [mediation] discuss Crum & Forster being released from this case?" Farnan answered, "We did not discuss who was going to be released at all is my recollection. * * We also didn't discuss whose names were going to be on the release. * * * We didn't discuss the timing of the payment. All those things were understood between experienced counsel in the case both from the Plaintiff's side and the Defense side." (T. 29-30).

{¶12} Neither Breech nor her power of attorney, Lusher, testified at the hearing.

{¶13} On November 18, 2016, the trial court issued a redacted judgment entry (omitting the settlement amount) and a judgment entry filed under seal (including the confidential settlement amount). In its judgment entry, the trial court granted the motion to enforce the settlement. It acknowledged the parties disputed whether Crum & Forster should be released. The trial court found the confidential mediation report did not contain any details of the settlement agreement. It relied on the testimony of Farnan that the mediation report was not a fully integrated contract, it did not contain all the terms necessary to effectuate a settlement, and the parties anticipated a formal written release. Breech did not present any contrary evidence as to what occurred at mediation; therefore, the trial court found the parole evidence rule did not bar the consideration of Farnan's

testimony as to the terms of the settlement agreement. The trial court concluded that the parties entered into a settlement agreement at mediation and the release of Crum & Forster was one of the terms of the settlement agreement. In its judgment entry, the trial court recited the terms of the settlement agreement, which included a release of Crum & Forster. It ordered Crum & Forster pay Breech the settlement amount within ten days of the judgment entry. The judgment entry did not contain Civ.R. 54(B) language.

{¶14} On December 8, 2016, First Response filed a motion requesting the trial court dismiss Breech's claims against First Response. In the motion, First Response stated that Breech received a draft of the settlement agreement but Breech would not sign the agreement. Breech also would not agree to dismiss First Response from the action. In its motion, First Response states,

> This refusal leaves First Response in the position of having fully funded a
> settlement, but unable to get a signed release or dismissal. Given that the
> terms of the release are specified in the Court's order, and that order is an
> interlocutory order, it cannot be appealed until the end of the case, when
> the plaintiff's claims against the other defendant, Liberty Mutual, are
> resolved.

(Motion, Dec. 8, 2016). First Response stated it would honor the settlement if the trial court would dismiss it from the action with prejudice.

{¶15} On December 22, 2016, the trial court issued a judgment entry dismissing Breech's claims against First Response. The judgment entry stated:

> In a November 18, 2016 Judgment Entry, after an evidentiary hearing, the
> Court found that plaintiff Lois Breech fully settled all of her claims against

defendant First Response and the Court's November 18, 2016 Order specified the terms of the settlement. Since that time, no one disputes that defendant First Response's insurer, Crum & Forster, fully funded the settlement that the Court found existed between Plaintiff Lois Breech and defendant First Response. Accordingly, the Court finds defendant First Response's Motion well taken and hereby orders all of plaintiff Lois Breech's claims against defendant First Response are hereby dismissed, "with prejudice", with each such party to bear her/its own cost.

(Judgment Entry, Dec. 22, 2016).

{¶16} Breech filed a Notice of Appeal on January 23, 2017 stating she was appealing the December 22, 2016 judgment entry. No other trial court order is referenced in the notice of appeal.

{¶17} On January 31, 2017, Breech dismissed without prejudice her claims against Liberty Mutual. Her claims against the remaining parties had been previously dismissed.

## ASSIGNMENTS OF ERROR

{¶18} Breech raises two Assignments of Error:

{¶19} "I. THE TRIAL COURT ERRED IN FINDING THAT THERE WAS A MEETING OF THE MINDS BETWEEN THE PARTIES AS TO AN ESSENTIAL TERM OF THE SETTLEMENT AGREEMENT – TO WIT, THE IDENTITIES OF THE NON-PARTIES TO BE RELEASED – BECAUSE NEITHER THE CONFIDENTIAL MEDIATION STATEMENT NOR THE PAROLE TESTIMONY OF DEFENSE COUNSEL ESTABLISHED AN AGREEMENT AS TO THAT TERM, AND THE LATTER TESTIMONY

TENDED TO NEGATE IT, RENDERING THE HOLDING OF THE TRIAL COURT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶20} "II. THE TRIAL COURT COMMITTED PLAIN ERROR IN ADMITTING THE TESTIMONY OF COUNSEL FOR FIRST RESPONSE AS TO BOTH FACTS AND THE STANDARDS AND PRACTICES OF INSURANCE DEFENSE COUNSEL IN NEGOTIATING SETTLEMENT AGREEMENTS BECAUSE: A. THE TRIAL COURT FAILED TO CONDUCT THE INQUIRY REQUIRED BEFORE PERMITTING AN ATTORNEY TO TESTIFY FOR OR ON BEHALF OF HIS CLIENT MANDATED BY THE OHIO SUPREME COURT IN MENTOR LAGOONS, INC. V. RUBIN, 31 OHIO ST.3D 256 (1987) AND; B. MR. FARNAN WAS NOT A NECESSARY WITNESS IN THE MEANING OF OHIO PROF. COND. R. 3.7."

## ANALYSIS

### Jurisdiction

{¶21} Breech's first Assignment of Error challenges the trial court's decision to find the parties entered into a settlement at mediation when the parties did not come to an agreement as to the release of Crum & Forster from liability. Her second Assignment of Error contends the trial court committed plain error when it allowed counsel for First Response testify at the hearing on its motion to enforce the settlement agreement.

{¶22} Before we consider Breech's Assignments of Error, we must first address whether we have jurisdiction to consider these Assignments of Error. Breech's arguments both relate to the trial court's judgment entry issued on November 18, 2016. First Response argues that Breech's Assignments of Error are not properly before this court because Breech's Notice of appeal does not indicate that she seeks to appeal from the

trial court's November 18, 2016 interlocutory order granting the motion to enforce the settlement agreement.

{¶23} App.R. 3(A) states, "An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by [App.R.] 4." App.R. 3(D) provides in pertinent part that the "notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken." Ohio appellate courts have jurisdiction to review only final appealable orders of lower courts within their districts. *Pla v. Cleveland State University*, 10th Dist. Franklin No. 17AP-212, 2017-Ohio-8149, ¶ 10 citing Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02.

{¶24} In support of its argument that the November 18, 2016 judgment entry is not properly before this court because Breech's notice of appeal does not refer to the judgment entry, First Response cites to previous decisions by this court where we determined an appeal was not properly before the court pursuant to App.R. 3(D). For example, in *Smith v. Conley*, 5th Dist. Stark No. 2004CA00068, 2004-Ohio-7057, *rev'd on other grounds*, we held that where the notice of appeal referenced only the judgment entry granting summary judgment in favor of appellee, under App.R. 3(D) the appellant could not also argue the trial court erred when it granted appellee's leave to plead and denied appellant's motion for default judgment. *Id.* at ¶ 15. In *State v. Perez*, 5th Dist. Licking No. 03-CA-107, 2004-Ohio-3646, the defendant-appellant entered a plea of guilty and was sentenced on April 4, 2003. The appellant filed a post-sentence motion to withdraw his guilty plea and a petition for post-conviction relief. On November 25, 2003, the trial court denied the motion to withdraw the plea and petition for post-conviction relief.

On December 5, 2003, the appellant filed a notice of appeal of his conviction and sentence. In his assignments of error, the appellant argued the trial court erred in denying his post-sentence motion to withdraw his guilty plea and ineffective assistance of trial counsel. Because the appellant did not file a notice of appeal of the November 25, 2003 judgment entry denying his motion to withdraw his guilty plea, we applied App.R. 3(D) and found we were without jurisdiction to review the November 25, 2003 judgment entry. *Id.* at ¶ 21-24.

{¶25} A review of Ohio case law, however, shows a different approach to the appeal of interlocutory orders and the application of App.R. 3(D). It begins with *Grover v. Bartsch*, 170 Ohio App.3d 188, 2006-Ohio-6115, 866 N.E.2d 547 (2nd Dist.). In *Grover*, the appellee filed a motion to dismiss the appellant's complaint for lack of personal jurisdiction and as being outside the statute of limitations. The appellee simultaneously filed a motion for protective order, which the trial court granted. The trial court later granted the motion to dismiss and the appellant appealed. In their notice of appeal, the appellant referenced only the judgment of dismissal. *Id.* at ¶ 9. In the appellant's first assignment of error, however, the appellant stated the trial court erred in granting the protective order. The appellee argued the appellant failed to raise the protective order in the notice of appeal and was therefore barred from raising the matter on appeal. *Id.* The Second District Court of Appeals found the appellee's argument lacked merit. It held, "Interlocutory orders, such as most discovery orders, are merged into the final judgment. Thus, an appeal from the final judgment includes all interlocutory orders merged with it, such as the trial court's protective order." *Id.*

{¶26} The Tenth District Court of Appeals next examined the application of App.R. 3(D) to an interlocutory order in *Beatley v. Knisley*, 183 Ohio App.3d 356, 2009-Ohio-2229, 971 N.E.2d 280 (10th Dist.), *appeal not accepted*. The appellants in *Beatley* referred only to a July 18, 2008 judgment entry awarding damages in favor of the appellees in their notice of appeal. In their first assignment of error, however, the appellants challenged the March 19, 2008 entry granting summary judgment in favor of appellees. The appellees argued the court should limit the appeal to the July 18, 2008 judgment because the appellants did not designate the March 19, 2008 judgment entry as an order being appealed. The Tenth District declined to limit the appellant's appeal. *Id.* at ¶ 8. The court stated:

Pursuant to App.R. 3(D), a notice of appeal "shall designate the judgment, order or part thereof appealed from." However, this rule does not require an appellant to separately identify each interlocutory order issued prior to a final judgment. *Shaffer v. OhioHealth Corp.,* 10th Dist. No. 04AP-236, 2004-Ohio-6523, 2004 WL 2806417, ¶ 12; *Kvinta v. Kvinta,* 10th Dist. No. 02AP-836, 2003-Ohio-2884, 2003 WL 21291049, ¶ 20. Interlocutory orders merge into the final judgment, and thus an appeal from a final judgment allows an appellant to challenge both the final judgment and any interlocutory orders merged with it. *Grover v. Bartsch,* 170 Ohio App.3d 188, 2006-Ohio-6115, 866 N.E.2d 547, ¶ 9; *Lingo v. Ohio Cent. RR., Inc.,* 10th Dist. No. 05AP-206, 2006-Ohio-2268, 2006 WL 1230679, ¶ 17; *Mtge. Electronic Registrations Sys. v. Mullins,* 161 Ohio App.3d 12, 2005-Ohio-2303, 829 N.E.2d 326, ¶ 21.

Here, the March 19, 2008 judgment entry granting Beatley summary judgment was an interlocutory order because it failed to completely dispose of Beatley's claim. See *Parrett v. Univ. of Cincinnati Police Dept.,* 10th Dist. No. 02AP-220, 2002-Ohio-5076, 2002 WL 31122980, ¶ 9 (" 'entry of judgment by the trial court in favor of the plaintiff on the issue of liability which leaves the amount of damages to be awarded unresolved until some future time, does not constitute a final judgment which may then be treated as an appealable order' "). As an interlocutory order, the March 19, 2008 judgment entry merged with the July 18, 2008 final judgment. Therefore, defendants did not need to name the March 19, 2008 judgment entry in their notice of appeal.

*Id.* at ¶ 9-10.

{¶27} The Fourth District Court of Appeals cited favorably to *Beatley* in *Redmond v. Big Sandy Furniture, Inc.*, 4th Dist. Lawrence No. 09CA13, 2009-Ohio-6824, ¶ 38. The Ninth District Court of Appeals also relied upon *Grover* and *Beatley* in *Aber v. Vilamoura, Inc.*, 184 Ohio App.3d 658, 2009-Ohio-3364, 922 N.E.2d 236, ¶ 7 (9th Dist.) to find that when a party appeals from a final judgment and challenges not only the final judgment, but also interlocutory orders that were made during the trial court proceedings, it is permissible under App.R. 3(D). The Eighth District Court of Appeals relied upon *Aber* to hold that an appellant which did not identify in its notice of appeal the interlocutory judgments denying a motion to exclude testimony and a motion for directed verdict could still challenge those judgments because they merged into the final judgment. *O'Connor v. Fairview Hosp.*, 8th Dist. Cuyahoga No. 98721, 2013-Ohio-1794, ¶ 19.

{¶28} In 2015, the Third District Court of Appeals relied upon *Beatley* to reject the appellee's argument to limit the appellant's appeal based on App.R. 3(D). *See Snapp v. Castlebrook Builders, Inc.*, 2014-Ohio-163, 7 N.E.3d 574 (3rd Dist.). In *Snapp*, the court allowed an appeal of an interlocutory order even though the appellant did not separately designate and attach the interlocutory judgment entry to the notice of appeal of the final judgment. In 2015, the Ohio Supreme Court referenced *Grover* for the proposition that interlocutory orders are merged into the final result so that an appeal from the final judgment includes all interlocutory orders merged with it. *Navistar, Inc. v. Testa*, 143 Ohio St.3d 460, 2015-Ohio-3283, 39 N.E.3d 509, ¶ 38. The Tenth District again relied on *Beatley* in *533 Short North LLC v. Zwerin*, 10th Dist. Franklin No. 14AP-1016, 2015-Ohio-4040, ¶ 52-53.

{¶29} Most recently, the Tenth District considered App.R. 3(D) in *Pla v. Cleveland State University*, 10th Dist. Franklin No. 17AP-212, 2017-Ohio-8149. The court reaffirmed its previous holdings that App.R. 3(D) does not require the appellant to separately identify each interlocutory order issued prior to a final judgment. *Id.* at ¶ 12. It held when an appellant appeals a final judgment, the appellant may challenge the final judgment and all interlocutory orders merged with it. *Id.*

{¶30} Based on the case law from the Ohio Supreme Court and six of the twelve appellate districts, we find it appropriate to hold that App.R. 3(D) does not require an appellant to separately identify each interlocutory order issued prior to the final judgment in its notice of appeal. An interlocutory order merges into the final judgment; thus, an appeal from the final judgment allows an appellant to challenge both the final judgment and the interlocutory orders merged with it. Further, this court's holding in *State v. Perez,*

5th Dist. Licking No. 03-CA-107, 2004-Ohio-3646, as to App.R. 3(D) can be distinguished from the case law analyzing the application of App.R. 3(D) to interlocutory orders. In *Perez*, the appellant appealed the denial of a post-sentence written motion to withdraw a guilty plea, which is a final appealable judgment entry separate from a sentencing judgment entry. *State v. Gray*, 5th Dist. Knox No. 17 AP 000004, 2017-Ohio-7969, ¶ 13.

{¶31} In the present case, there is no dispute between the parties that the November 18, 2016 judgment entry granting the motion to enforce the settlement agreement was an interlocutory order. There is also no dispute the December 22, 2016 judgment entry dismissing with prejudice First Response as a defendant was a final appealable order. The interlocutory order therefore merged into the final judgment. Further, when reviewing the December 22, 2016 judgment entry, the trial court stated it granted the motion to dismiss based solely on its ruling in the November 18, 2016 judgment entry granting First Response's motion to enforce the settlement agreement. First Response was notified of the appeal and the scope of the appeal within the notice of appeal and December 22, 2016 judgment entry.

{¶32} Based on the above case law and a review of the judgment entries, we find First Response's argument as to jurisdiction to be without merit. We have jurisdiction to consider Breech's appeal.

**I. Meeting of the Minds**

{¶33} Breech argues in her first Assignment of Error that the trial court erred when it found First Response established the existence of a settlement agreement and the release of Crum & Forster as a term of the agreement. We agree.

{¶34} A settlement agreement is a particularized form of a contract. *Hinds v. Muskingum Cty.*, 5th Dist. Muskingum No. CT2016-0063, 2017-Ohio-8212, ¶ 17 citing *Noroski v. Fallet,* 2 Ohio St.3d 77, 79, 442 N.E.2d 1302 (1982). It is a "contract designed to terminate a claim by preventing or ending litigation, and * * * such agreements are valid and enforceable by either party." *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.,* 74 Ohio St.3d 501, 502, 1996–Ohio–158, 660 N.E.2d 431. If a contract encompasses the essential terms of the agreement, it is binding and enforceable. *Mr. Mark Corp. v. Rush, Inc.,* 11 Ohio App.3d 167, 169, 464 N.E.2d 586 (8th Dist.1983). "If less essential terms are omitted from an agreement, they may be resolved by 'later agreement or judicial resolution.'" *Id.* "'If the court can determine that the parties intended to be bound, it may fashion those less essential terms that were omitted in order to reach a fair and just result.' *Imbrogno v. MIMRx.COM, Inc.*, 10th Dist. No. 03AP-345, 2003-Ohio-6108 [2003 WL 22707792]." (Additional citations omitted.) *Reed Elsevier, Inc. v. Carter*, 2nd Dist. Montgomery No. 27483, 2017-Ohio-7513, 2017 WL 3971649, ¶ 15 quoting *Ruffian, L.L.C. v. Hayes*, 10th Dist. Franklin No. 09AP-948, 2011-Ohio-831, ¶ 17.

{¶35} The Ohio Supreme Court has stated the issue of "whether the parties intended to be bound * * * is a question of fact properly resolved by the trier of fact." *Oglebay Norton Co. v. Armco, Inc.,* 52 Ohio St.3d 232, 235, 556 N.E.2d 515 (1990). The parties must have a "distinct and common intention that is communicated by each party to the other." *Champion Gym & Fitness, Inc. v. Crotty,* 178 Ohio App.3d 739, 744, 2008–Ohio–5642, 900 N.E.2d 231, ¶ 12.

{¶36} A trial court has the authority to conduct a hearing to determine whether or not a verbal settlement agreement has been reached. *Klever v. Stow,* 13 Ohio App.3d 1,

468 N.E.2d 81 (9th Dist.1983). "When the parties agree to a settlement offer, this agreement cannot be repudiated by either party, and the court has the authority to sign a journal entry reflecting the agreement and to enforce the settlement." *Id.* at 4. However, where the meaning of the terms of a settlement agreement is in dispute, or where there is a dispute contesting the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment. *Rulli v. Fan Co.,* 79 Ohio St.3d 374, 377, 1997–Ohio–380, 683 N.E.2d 337.

{¶37} In the November 18, 2016 judgment entry granting the motion to enforce the settlement, the trial court stated the sole disputed term of the settlement agreement was whether the language of the release should release Crum & Forster.

{¶38} The August 25, 2016 report of meditation did not contain any terms of the alleged settlement agreement between Breech and First Response. Farnan, counsel for First Response, presented testimony at the evidentiary hearing from himself and counsel for Liberty Mutual that it was common practice in a settlement agreement for the insurer to be released when the insurer pays a settlement on behalf of the insured. Farnan testified the insurance adjuster for Crum & Forster participated in the mediation by telephone. The terms of the release of First Response or Crum & Forster, however, were not discussed at the mediation.

{¶39} It was after mediation that the dispute arose as to the release of Crum & Forster. Farnan recalled the negotiations between counsel for Breech and himself as to the release of Crum & Forster:

So we spent hours, Mr. Seebohm and I, going back and forth negotiating; and I tried to tailor it as narrowly as possible to accommodate the concerns that he expressed as relayed by Mr. Lusher, her POA.

So for that reason we offered to limit it to this claim, this insured, on this claim only.

* * *

For that reason I am here because I couldn't get that agreement.

(T. 23-25).

{¶40} In its judgment entry enforcing the settlement agreement, the trial court found First Response submitted evidence that the release of its insurer, Crum & Forster, was one of the terms of the settlement agreement and therefore enforceable. We do not disagree with trial court's statement that a release is a term of an agreement. Case law, however, requires a narrower characterization of a term of an agreement and the trial court's authority to enforce it. If a contract encompasses the *essential* terms of the agreement, it is binding and enforceable. If *less essential terms* are omitted from an agreement, they may be resolved by later agreement or judicial resolution. If the court can determine that the parties intended to be bound, it may fashion those *less essential terms* that were omitted in order to reach a fair and just result.

{¶41} "A release, or compromise agreement, is a particular kind of contract, and, like other contracts, requires a definite offer and an acceptance thereof. 15 Ohio Jurisprudence 3d 517, Compromise, Accord, and Release, Section 4. A release must be the result of a meeting of the parties' minds in order to be binding. See 30 Ohio Jurisprudence 2d 801, Insurance, Section 875." *Noroski v. Fallet*, 2 Ohio St.3d 77, 79,

442 N.E.2d 1302, 1304 (1982). In this case, the limited evidence demonstrates the essential terms of this settlement agreement were the payment of money to end litigation and release of First Response and Crum & Forster from further litigation. The evidence shows there was no meeting of the minds as to the release of Crum & Forster from further litigation. First Response admitted it could not reach an agreement with Breech as to this term of the settlement agreement. While there was testimony that the release of the insurer is common practice, that it is common practice does not make the release of the insurer a less essential term of this agreement. Because the release was an essential term of the settlement agreement to which the parties could not agree, we find the trial court erred when it fashioned the release of Crum & Forster in the November 18, 2016 judgment entry granting the motion to enforce the settlement agreement.

{¶42} Breech's first Assignment of Error is sustained.

## II. Attorney Testimony

{¶43} Breech argues in her second Assignment of Error that the trial court erred in allowing the testimony of counsel for First Response at the evidentiary hearing.

{¶44} Based on our decision in the first Assignment of Error, we find this argument to be moot.

**CONCLUSION**

{¶45} The December 22, 2016 and November 18, 2016 judgments of the Stark County Court of Common Pleas are reversed and remanded to the trial court for further proceedings consistent with this opinion and law.

By: Delaney, P.J., and

Wise, Earle, J. concur,

Hoffman, J., concurs in part and dissents in part.

*Hoffman, J., concurring in part and dissenting in part*

{¶46} I concur in the majority's analysis and decision regarding this Court's jurisdiction to review Appellant's assignments of error. However, I respectfully dissent from the majority's decision to sustain Appellant's first assignment of error and to reverse the trial court's decision.

{¶47} Given the unrefuted testimony of Attorney Farnan concerning the accepted, common practice of releasing the entity paying money on behalf of its insurer, in addition to the party being released, I would find the failure of the agreement to specifically discuss the release of Crum & Forster is a "less essential term" of the settlement agreement. The trial court properly determined the parties intended to be bound by the agreement and the trial court was free to fashion the release terms to restrict the scope of the release of Crum & Forster in accordance with the acknowledgment set forth by Attorney Farnan at the hearing.[1]

_____
HON. WILLIAM B. HOFFMAN

---

[1] I would also overrule Appellant's second assignment of error.