**HOLMES COUNTY BOARD OF COMMISSIONERS, Appellee,**

v.

**McDOWELL et al., Appellants.**

[Cite as *Holmes Cty. Bd. of Commrs. v. McDowell,*
169 Ohio App.3d 120, 2006-Ohio-5017.]

Court of Appeals of Ohio,
Fifth District, Holmes County.

No. 05CA007.

Decided Sept. 27, 2006.

Grant A. Mason, for appellee.

John Anthony Logan, for appellants Kurt and Stacie McDowell.

Michael L. Cioffi, for third–party defendant American Premier Underwriters, Inc.

———————

HOFFMAN, Judge.

{¶ 1} Defendants-appellants, Kurt and Stacie McDowell, appeal the Holmes County Court of Common Pleas dismissal of their claims against third-party defendant, American Premier Underwriters, Inc., and the granting of summary judgment in favor of plaintiff-appellee, Holmes County Board of Commissioners.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} Plaintiff-appellee, Holmes County Board of Commissioners ("Holmes County"), initiated this action to quiet title to a strip of land formerly used as a rail corridor. Holmes County purchased a quitclaim deed including the property from American Premier Underwriters, Inc. ("APU") on December 18, 1997. Appellants claim that the railroad corridor is abandoned and traverses their property.

{¶ 3} Appellants brought third-party tort claims and a declaratory-judgment action against APU and Honey Run Sanitary, Inc. ("Honey Run"). APU moved the trial court to dismiss the claims against them because the appellants were class members in an action filed in the Trumbull County Court of Common Pleas asserting virtually identical claims against APU. The trial court granted APU's motion to dismiss, finding that the jurisdictional-priority rule divested the trial court of subject-matter jurisdiction.

{¶ 4} By judgment entry dated April 7, 2005, the trial court granted summary judgment in favor of Holmes County and Honey Run against appellants, quieting title in favor of Holmes County and dismissing appellants' claims against Honey Run.

{¶ 5} Appellants now appeal, assigning the following errors:

{¶ 6} "I.   The trial court erred in denying appellants' motion for recusal.

{¶ 7} "II.   The trail [sic] court erred in dismissing the third party defendant APU.

{¶ 8} "III.   The trial court erred by issuing summary judgment for the plaintiff, Holmes County Board of Commissioners, on their complaint for quiet title.

{¶ 9} "IV.   The trial court erred in awarding plaintiff's attorney fees as court costs of the action."

I

{¶ 10} Appellants' first assignment of error alleges that the trial court erred in denying their motion for recusal. The request for recusal argued that Judge Thomas White should refrain from presiding over a case in which the Holmes County Board of Commissioners was a party, because the commissioners exercise control over the county budget.

{¶ 11} The Supreme Court of Ohio has exclusive jurisdiction over such matters pursuant to R.C. 2701.03. The statute reads:

{¶ 12} "(A) If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.

{¶ 13} "(B) An affidavit of disqualification filed under section 2101.39 or 2501.13 of the Revised Code or division (A) of this section shall be filed with the clerk of the supreme court not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled and shall include all of the following:

{¶ 14} "(1) The specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations or, in relation to an affidavit filed against a judge of a court of appeals, a specific allegation that the judge presided in the lower court in the same proceeding and the facts to support that allegation;

{¶ 15} "(2) The jurat of a notary public or another person authorized to administer oaths or affirmations;

{¶ 16} "(3) A certificate indicating that a copy of the affidavit has been served on the probate judge, judge of a court of appeals, or judge of a court of common pleas against whom the affidavit is filed and on all other parties or their counsel;

{¶ 17} "(4) The date of the next scheduled hearing in the proceeding or, if there is no hearing scheduled, a statement that there is no hearing scheduled.

{¶ 18} "* * *

{¶ 19} "(E) If the clerk of the supreme court accepts an affidavit of disqualification for filing under divisions (B) and (C) of this section and if the chief justice of the supreme court, or any justice of the supreme court designated by the chief justice, determines that the interest, bias, prejudice, or disqualification alleged in the affidavit does not exist, the chief justice or the designated justice shall issue

an entry denying the affidavit of disqualification. If the chief justice of the supreme court, or any justice of the supreme court designated by the chief justice, determines that the interest, bias, prejudice, or disqualification alleged in the affidavit exists, the chief justice or the designated justice shall issue an entry that disqualifies that judge from presiding in the proceeding and either order that the proceeding be assigned to another judge of the court of which the disqualified judge is a member, to a judge of another court, or to a retired judge."

{¶ 20} R.C. 2701.03 provides the exclusive means by which a litigant can assert that a common pleas judge is biased or prejudiced. *Adkins v. Adkins* (1988), 43 Ohio App.3d 95, 539 N.E.2d 686. Thus, an appellate court clearly lacks any authority to pass upon the disqualification of a common pleas court judge or to void the judgment of a trial court on that basis. *State v. Ramos* (1993), 88 Ohio App.3d 394, 623 N.E.2d 1336.

{¶ 21} By failing to properly file an affidavit of disqualification with the Supreme Court pursuant to R.C. 2701.03, a party waives any error relating to the trial judge's denial of a motion to recuse. *State v. Fannin*, Cuyahoga App. No. 80014, 2002-Ohio-4180, 2002 WL 1878860. Appellants failed to abide by the mandatory requirements of R.C. 2701.03; therefore, they waived any argument with regard to disqualification.

{¶ 22} The first assignment of error is overruled.

## II

{¶ 23} In their second assignment of error, appellants argue that the trial court erred in dismissing APU as a party.

{¶ 24} Appellants argue that APU is the successor in interest to Penn Central Railroad, which is currently a defendant in the class-action suit pending in Trumbull County. Holmes County is not a party to the class action.

{¶ 25} Appellants moved the trial court to stay the case pending resolution of the class action, and the trial court denied the motion for stay, citing the jurisdictional-priority rule. The jurisdictional-priority rule states: " '[A]s between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.' " *State ex rel. Racing Guild of Ohio v. Morgan* (1985), 17 Ohio St.3d 54, 56, 17 OBR 45, 476 N.E.2d 1060, quoting *State ex rel. Phillips v. Polcar* (1977), 50 Ohio St.2d 279, 4 O.O.3d 445, 364 N.E.2d 33, syllabus. "Once a court acquires jurisdiction over a cause, its authority continues until the matter is completely and finally disposed of, and no court of coordinate jurisdiction is at

liberty to interfere with its proceedings." *Duckworth v. Burger King Corp.*, 159 Ohio App.3d 540, 2005-Ohio-294, 824 N.E.2d 592, ¶ 13, citing *John Weenink & Sons Co. v. Cuyahoga Cty. Court of Common Pleas* (1948), 150 Ohio St. 349, 38 O.O. 189, 82 N.E.2d 730, paragraph three of the syllabus.

{¶ 26} The rule contemplates a two-part test. First, there must be cases pending in two different courts of concurrent jurisdiction involving substantially the same parties; and, second, the ruling of the court subsequently acquiring jurisdiction may affect or interfere with the resolution of the issues before the court where suit was originally commenced. Id.

{¶ 27} When the test is satisfied, the court whose power was last invoked should dismiss the claims for lack of subject-matter jurisdiction.

{¶ 28} In the present case, the Trumbull County class action was filed in 1999, before the third-party claims at issue. Appellants were members of the class certified in the class action and asserted claims nearly identical to their claim for quiet title asserted in this action. It is undisputed that the claims asserted in the class action concern exactly the same property contemplated in appellants' claims herein. Accordingly, an adjudication of appellants' claims against APU in this case may affect or interfere with the resolution of the same claims by the Trumbull County court. Therefore, the jurisdictional-priority rule divested the trial court of subject-matter jurisdiction as to appellants' claims against APU.[1]

{¶ 29} Appellants' second assignment of error is overruled.

## III

{¶ 30} In the third assignment of error, appellants argue that the trial court erred in issuing summary judgment in favor of Holmes County on their complaint to quiet title.

{¶ 31} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 506 N.E.2d 212. Civ.R. 56(C) states:

{¶ 32} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts

---

1. We note that appellants' reply brief asserts that the jurisdictional-priority rule requires the trial court to dismiss the entire case, not certain parties. Appellants conclude that the trial court should have either dismissed or stayed the case pending decision. However, these arguments were not separately assigned as error pursuant to App.R. 12 and 16; therefore, we decline to review them.

of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

{¶ 33} Pursuant to the above rule, a trial court may not enter summary judgment if it appears that a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence that demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.

{¶ 34} It is based upon this standard that we review appellants' assignment of error.

{¶ 35} A review of the record demonstrates that Holmes County acquired a quitclaim deed from APU on November 19, 1997. Appellants acquired their property through a series of transactions. However, none of the deeds by which appellants claim ownership contains a description of the disputed railroad line. Additionally, appellants' subsequent mortgage specifically excludes the disputed rail line from the mortgage deed. Accordingly, appellants do not have a claim by deed to the rail line.

{¶ 36} A review of the deed from APU to Holmes County indicates that there is no possibility of reverter and no reversionary interest.

{¶ 37} Upon our review of the record, and the evidence presented in the motions for summary judgment, we find that appellants have not demonstrated disputed issues as to any material fact, and reasonable minds can come to but one conclusion, and that conclusion is in favor of Holmes County.

{¶ 38} The third assignment of error is overruled.

## IV

{¶ 39} In their final assignment of error, appellants maintain that the trial court erred in awarding Holmes County attorney fees as court costs of the

action. Specifically, appellants cite the trial court's assessment of costs for the fees incurred for the preparation of the title report.

{¶ 40} Civ.R. 54(D) governs the award costs, stating:

{¶ 41} "Costs

{¶ 42} "Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

{¶ 43} The decision to award or to decline to award costs is a matter within the discretion of the trial court, and absent an abuse of discretion, it will not be reversed on appeal. The trial court must examine the expenses within the context of each case and determine which expenses are taxable, bearing in mind that Civ.R. 54(D) is not to be construed as a "tax all" provision. *Vassil v. Able Fence & Guard Rail, Inc.* (1992), 81 Ohio App.3d 533, 611 N.E.2d 919.

{¶ 44} In *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 597 N.E.2d 153, the Ohio Supreme Court determined that the language of Civ.R. 54(D) grants the trial court discretion to order the prevailing party to bear all or part of his or her own costs but does not empower the court to award costs to a nonprevailing party. Costs are generally defined as the statutory fees to which officers, witnesses, jurors, and others are entitled for their services in an action and that the statute authorizes to be taxed and included in the judgment. *Williamson v. Ameritech Corp.* (1998), 81 Ohio St.3d 342, 691 N.E.2d 288. R.C. 2317.27 does not provide a statutory basis for taxing the services of a court reporter as costs under Civ.R. 54(B), nor are expert witness fees to be awarded as costs. See *Williamson,* supra; *State ex rel. Williams v. Colasurd* (1995), 71 Ohio St.3d 642, 644, 646 N.E.2d 830.

{¶ 45} In the present case, attorney Max Miller prepared an expert opinion on the legal state of the titles of the specific parcels of real property in question. Therefore, the trial court's award of costs was related to fees incurred in the preparation of an expert opinion, not attorney fees; therefore, the trial court erred in awarding the expert fees as costs.

{¶ 46} Appellants' fourth assignment of error is sustained.

{¶ 47} The judgment of the Holmes County Court of Common Pleas is affirmed, in part, and reversed, in part.

Judgment affirmed in part
and reversed in part.

WISE, P.J., and BOGGINS, J., concur.