[Cite as *Triton Servs., Inc. v. Reed*, 2016-Ohio-7838.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| TRITON SERVICES, INC., | : | |
| | | CASE NOS. CA2016-04-028 |
| Plaintiff-Appellant, | : | CA2016-08-068 |
| | : | O P I N I O N |
| - vs - | | 11/21/2016 |
| | : | |
| GRADY D. REED, et al., | : | |
| Defendants-Appellees. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 14CV85882

Hemmer DeFrank Wessels PLLC, Scott Thomas and Matthew Cheeks, 250 Grandview Drive, Suite 500, Ft. Mitchell, Kentucky 41017, for plaintiff-appellant

Crowe and Welch, Robert H. Welch, II, 1019 Main Street, Milford, Ohio 45150, for defendants-appellees

**S. POWELL, J.**

{¶ 1}   Plaintiff-appellant, Triton Services, Inc. ("Triton"), appeals from the Warren County Court of Common Pleas decision dismissing its complaint brought against defendants-appellees, Grady D. Reed, II ("Reed"), Reed's wife, Shelia Reed, and Reed's father-in-law, Fred Mintkenbaugh (collectively, "appellees"), pursuant to the jurisdictional-priority rule.  For the reasons outlined below, we affirm.

**Facts and Procedural History**

{¶ 2} This case presents a lengthy, convoluted set of facts involving a dispute between Reed, Reed's family members, Triton, and other Triton shareholders, regarding appellees' purported wrongdoing during Reed's employment with Triton and Reed's alleged ownership of ten shares of Triton stock. This includes a prior appeal to this court where we reversed and remanded a decision of the Clermont County Court of Common Pleas entering a directed verdict to Reed finding he was entitled to money damages totaling $581,470. *See Reed v. Triton Servs., Inc.*, 12th Dist. Clermont Nos. CA2013-07-055 and CA2013-07-060, 2014-Ohio-3185 ("*Reed I*"). The relevant facts as it relates to this appeal are summarized as follows.

{¶ 3} After filing its direct appeal in *Reed I*, but prior to this court issuing our decision, Triton filed a complaint against appellees in the Warren County Court of Common Pleas seeking compensatory and punitive damages on claims alleging conversion, civil conspiracy, and breach of fiduciary duty for appellees' supposed wrongdoing while Reed was employed by Triton. The record is clear that these are the same basic claims Triton originally brought in the Clermont County Court of Common Pleas that Triton later voluntarily dismissed in order to file its direct appeal in *Reed I* challenging the Clermont County court's decision to issue a directed verdict in Reed's favor.

{¶ 4} After we issued our opinion in *Reed I* reversing and remanding the Clermont County court's decision, Triton filed a motion with the Clermont County court seeking leave to amend its answer to include a counterclaim against Reed for breach of contract, promissory estoppel, and unjust enrichment, among others, including a request for declaratory judgment, all relating to Reed's alleged ownership of ten shares of Triton stock. The Clermont County court denied the motion to amend as untimely finding the "proposed amendments are basic

affirmative defenses in any contract action, be the claim legal or equitable." Concluding, the Clermont County court also stated that it "can only conclude that failing to raise them initially was a clear legal strategy of the Defendants."

{¶ 5} After the Clermont County court issued its decision, Triton filed a second complaint in the Warren County Court of Common Pleas alleging the same breach of contract claim against Reed, as well as similar claims alleging promissory estoppel and unjust enrichment. Triton also filed a request for a declaratory judgment against Reed. At Triton's request, because both complaints arose out of Reed's relationship with Triton, the two complaints then pending before the Warren County court were consolidated.

{¶ 6} While Triton's motion to consolidate was pending, appellees filed a motion to dismiss, or alternatively, a motion to transfer the case back to Clermont County, pursuant to the jurisdictional-priority rule. After taking the matter under advisement, the Warren County court issued a decision granting appellees' motion to dismiss finding it "has been divested of jurisdiction by the Clermont County case" in accordance with the jurisdictional-priority rule. In so holding, the Warren County court stated:

> The allegations and parties in the Warren County action when compared to the allegations and parties in the Clermont County action are virtually the same. Further, because the judge in the Clermont County action has resolved some of the claims on procedural and/or equitable grounds (i.e. because they were not timely raised, because they were the result of legal strategy or for other reasons), it would not be just for this Court to revisit those issues in a slightly repacked version.

{¶ 7} Triton now appeals, raising a single assignment of error that challenges the Warren County court's application of the jurisdictional-priority rule.

**The Jurisdictional-Priority Rule**

{¶ 8} "The jurisdictional-priority rule provides that as between state courts of concurrent jurisdiction, the tribunal whose power is first invoked acquires exclusive

- 3 -

jurisdiction to adjudicate the whole issue and settle the rights of the parties." *State ex rel. Vanni v. McMonagle*, 137 Ohio St.3d 568, 2013-Ohio-5187, ¶ 4, citing *State ex rel. Dunlap v. Sarko*, 135 Ohio St.3d 171, 2013-Ohio-67, ¶ 9. Generally, "it is a condition of the jurisdictional-priority rule that the claims and parties be the same in both cases, so '[i]f the second case is not for the same cause of action, nor between the same parties, the former suit will not prevent the latter.'" *Sarko* at ¶ 10, quoting *State ex rel. Judson v. Spahr*, 33 Ohio St.3d 111, 113 (1987). However, the rule can apply even when the causes of action, relief requested, and the parties are not exactly the same so long as the actions are part of the same "whole issue." *Id.* at ¶ 11, citing *State ex rel. Otten v. Henderson*, 129 Ohio St.3d 453, 2011-Ohio-4082, ¶ 29; *State ex rel. Sellers v. Gerken*, 72 Ohio St.3d 115, 117 (1995); *see also State ex rel. Taft v. Franklin Cty. Court of Common Pleas*, 81 Ohio St.3d 1244, 1246 (1998) (Moyer, J., concurring) ("the requirement of the same issue and the same parties is not absolute").

{¶ 9} The determination of whether two cases concern the same "whole issue" requires a two-step analysis. *Centerburg RE, LLC v. Centerburg Pointe, Inc.*, 5th Dist. Knox No. 13 CA 28, 2014-Ohio-4846, ¶ 45. "First, there must be cases pending in two different courts of concurrent jurisdiction involving substantially the same parties." *Michaels Bldg. Co. v. Cardinal Fed. S. & L. Bank*, 54 Ohio App.3d 180, 183 (8th Dist.1988). "Second, the ruling of the court subsequently acquiring jurisdiction may affect or interfere with the resolution of the issues before the court where suit was originally commenced." *Id.* Thus, the jurisdictional priority rule effectively "breaks the tie" by giving exclusive jurisdiction "to adjudicate upon the whole issue and to settle the rights of the parties" to the court that obtained service of process first. *Primesolutions Securities, Inc. v. Winter*, 8th Dist. Cuyahoga No. 103961, 2016-Ohio-4708, ¶ 13, citing *Miller v. Court of Common Pleas*, 143

- 4 -

Ohio St. 68, 70 (1944). "When the test is satisfied, the court whose power was last invoked should dismiss the claims for lack of subject-matter jurisdiction." *Holmes Cty. Bd. of Commrs. v. McDowell*, 169 Ohio App.3d 120, 2006-Ohio-5017, ¶ 27 (5th Dist.).

**Analysis**

{¶ 10} After a thorough review of the record, we find no error in the Warren County court's decision to dismiss the action pursuant to the jurisdictional-priority rule. In so holding, we note that the jurisdictional-priority rule does not require that both actions have identical parties in order to satisfy the identity-of-parties requirement. "Rather, the identity-of-parties requirement is satisfied as long as the claim or matter sought to be precluded in the second action is between the same parties." *Crestmont Cleveland Partnership v. Ohio Dept. of Health*, 10th Dist. Franklin No. 98AP-1272, 1999 WL 694742, *4 (Sept. 9, 1999). This is true even when the first cause of action involved parties not named in the second. *See id.* (holding that the jurisdictional-priority rule applies even if the first action involved parties not named in the second action). That is clearly the case here as all of the causes of action originally brought in Clermont County and subsequently brought in Warren County involve Reed and Triton or Triton's shareholders, as well as Reed's wife and Reed's father-in-law. Therefore, because the causes of action at issue involve claims between either the same or substantially similar parties, we find the first requirement of the "whole issue" analysis is satisfied.

{¶ 11} Furthermore, as it relates to the second requirement of the "whole issue" analysis, i.e., whether the "ruling of the court subsequently acquiring jurisdiction may affect or interfere with the resolution of the issues before the court where the suit originally commenced," we find, as did the Warren County court, that the causes of action "are virtually the same" in that they all relate to the underlying dispute regarding appellees' purported

wrongdoing during Reed's employment with Triton and Reed's alleged ownership of ten shares of Triton stock, some of which had "already been resolved on procedural and/or equitable grounds[.]" We find no error in the Warren County court's decision and agree that it "would not be just for [it] to revisit those issues in a slightly repackaged version" in a different court. This case presents the type of behavior that the jurisdictional-priority rule was intended to prohibit so as to promote judicial economy and to avoid inconsistent results. Therefore, the second requirement of the "whole issue" analysis is also satisfied.

{¶ 12} Despite this, Triton argues it was improper for the Warren County court to dismiss the entire action because it was not provided with proper notice that the entire case could be dismissed. However, we find Triton was provided sufficient notice that the entire action was subject to dismissal pursuant to the jurisdictional-priority rule, as that rule divests the trial court with jurisdiction to hear any claim related to the "whole issue." It is well-established that "[a] trial court must dismiss for lack of subject-matter jurisdiction if the complaint fails to raise a cause of action cognizable by the forum." *Mosque v. Salim*, 10th Dist. Franklin No. 12AP-807, 2013-Ohio-2746, ¶ 15, citing *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989). Civ.R. 12(H)(3) further provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Such is the case here since the Warren County court properly determined that "it ha[d] been divested of jurisdiction by the Clermont County case" in accordance with the jurisdictional-priority rule. Triton's claims otherwise are without merit.

## Conclusion

{¶ 13} Pursuant to the jurisdictional-priority rule, the Clermont County court has exclusive jurisdiction to adjudicate upon the whole issue and to settle the rights of the parties as it relates to appellees' purported wrongdoing during Reed's employment with Triton and

Reed's alleged ownership of ten shares of Triton stock.  Therefore, because we find no error in the Warren County court's application of the jurisdictional-priority rule to the facts of this case, Triton's single assignment of error is overruled.

{¶ **14**} Judgment affirmed.

M. POWELL, P.J., and RINGLAND, J., concur.