[Cite as *Quinlan v. Highfield*, 2019-Ohio-4566.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

RONALD E. QUINLAN,                      :        JUDGES:
                                        :        Hon. Patricia A. Delaney, P.J.
        Plaintiff - Appellant           :        Hon. Craig R. Baldwin, J.
                                        :        Hon. Earle E. Wise, J.
-vs-                                     :
                                        :
MATTHEW S. HIGHFIELD, et al.,           :        Case No. CT2019-0043
                                        :
        Defendants - Appellees          :        O P I N I O N


CHARACTER OF PROCEEDING:                         Appeal from the Muskingum County
                                                 Court of Common Pleas, Case No.
                                                 CC2017-0106


JUDGMENT:                                        Reversed and Remanded


DATE OF JUDGMENT:                                November 5, 2019


APPEARANCES:

For Plaintiff-Appellant                          For Defendant-Appellee Matthew Highfield

ROBERT G. MCCLELLAND                             DONALD WILEY
Graham & Graham., L.P.A.                         Baker, Dublikar, Beck, Wiley & Mathews
P.O. Box 340                                     400 South Main Street
Zanesville, Ohio  43702-0340                     North Canton, Ohio 44720


                                                 For Defendant- Appellee Allstate Fire
                                                 and Casualty Insurance Company

                                                 EDWIN J. HOLLERN
                                                 Hollern & Associates
                                                 522 N. State Street, Suite A
                                                 Westerville, Ohio 43082

*Baldwin, J.*

## STATEMENT OF FACTS AND THE CASE

{¶1}   Appellant was stopped in traffic while driving in Zanesville, Ohio and a vehicle driven by Appellee Highfield collided into the rear of Appellant's vehicle, causing damage to both vehicles.

{¶2}   Appellant went to the Zanesville Medical Center due to pain in his neck and back.  At the medical center Appellant was evaluated by William Anderson, a chiropractor, and was diagnosed with cervical sprain, thoracic and lumbar sprain/strain, thoracic/lumbrosacral neuritis and muscle spasms. He was placed in a course of treatment consisting of chiropractic manipulations, manual therapy, traction and electrical stimulation. Appellant received twenty-two treatments, with treatment terminating on July 16, 2015. He incurred a bill of $3,762.00 for his care and treatment at the Zanesville Medical Center.

{¶3}   Appellant filed the instant lawsuit against Appellee Highfield and Appellee Allstate, his own uninsurance/underinsurance carrier. The complaint alleged Appellant sustained personal injury as a result of Highfield's negligence, and sought both economic and non-economic damages.

{¶4}   The jury returned a verdict in favor of Appellees, finding by special interrogatory the accident was not the proximate cause of Appellant's injuries. The court entered judgment in accordance with the jury's verdict by judgment filed April 2, 2018. Appellant's motions for JNOV and new trial were overruled by the trial court on April 11, 2018.

{¶5}   Appellant appealed the judgments, and, in *Quinlan v. Highfield*, 5th Dist. Muskingum No. CT2018-0030, 2018-Ohio-4096, ¶ 29 we reversed the judgment of the Muskingum County Common Pleas Court and remanded to that court for a new trial.

{¶6}   That trial concluded on April 29, 2019 with a jury verdict in favor of Appellant and an award of $3,762.00 for economic damages and $0.00 for non-economic damages. The trial court's journal entry recites the jury's verdict and orders "Costs to be paid by Plaintiff" without explanation.  Appellant filed a motion to tax costs to Appellee Highfield and Appellee responded.  The trial court denied the motion without explanation on May 22, 2019.

{¶7}   Appellant filed a timely notice of appeal and submitted one assignment of error:

{¶8}   "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING PLAINTIFF/APPELLANT'S MOTION TO TAX COSTS."

## STANDARD OF REVIEW

{¶9}   The Ohio Supreme Court has recognized that the recovery of costs provided in Civ.R. 54(D) is not a grant of absolute right for court costs to be allowed to the prevailing party. *State ex rel. Gravill v. Fuerst,* 24 Ohio St.3d 12, 13, 492 N.E.2d 809 (1986). The phrase "unless the court otherwise directs" is interpreted to grant "the court discretion to order that the prevailing party bear all or part of his or her own costs." *Vance v. Roedersheimer*, 64 Ohio St.3d 552, 555, 597 N.E.2d 153 (1992). Therefore, such a decision will not be disturbed on appeal absent an abuse of discretion. *Holmes Cty. Bd. of Commrs. v. McDowell*, 169 Ohio App.3d 120, 2006-Ohio-5017, 862 N.E.2d 136, ¶ 43 (5th Dist.). In order to find an abuse of discretion, we must determine the trial court's

decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

## ANALYSIS

**{¶10}** The pertinent portion of Civ.R. 54(D) states "***costs shall be allowed to the prevailing party unless the court otherwise directs. The trial court has discretion with regard to awarding costs, but "a trial court will be found to have abused its discretion when it declines to award costs to a prevailing party absent an explanation." (Citations omitted.) *Lofino Properties, L.L.C. v. Wal Mart Stores, Inc.,* 2nd Dist. Greene No. 2003 CA 57, 2004-Ohio-458, ¶ 30. See also *Vilagi v. Allstate Indemn.* Co., 9th Dist. Lorain App. No. 03CA008407, 2004-Ohio-4728, 2004 WL 1969402, at ¶ 25–30.

**{¶11}** In the case sub judice, Appellant was the prevailing party. The United States Supreme Court has defined a "prevailing party" as one who has been awarded at least some relief on the merits of his claims. *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources,* 532 U.S. 598, 603–604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), quoting *Hewitt v. Helms*, 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (2001).

> Moreover, it is axiomatic that a party who received a jury verdict in his favor and was awarded damages, no matter how small, has prevailed in the suit. See, e.g., *Wigglesworth v. St. Joseph Riverside Hosp.* (2001), 143 Ohio App.3d 143, 150–51, 757 N.E.2d 810 (noting that "[d]espite the fact that the verdict was actually for zero dollars, appellant successfully maintained his claim and prevailed on the main issue; appellee was liable * * * [on the claim, therefore], appellant is the prevailing party."); *Brinn v. Cutter* (Dec. 9, 1993),

8th Dist. No. 63669, at *7 (concluding that plaintiffs in negligence case were the "prevailing party" when they were awarded only ten dollars in damages after rejecting a $500 settlement offer).

*Haynes v. Christian*, 9th Dist. Summit No. 24556, 2009-Ohio-3973, ¶ 6.

**{¶12}** We have found that the fact that the jury awarded less than what had been offered does not prevent the plaintiff from being a prevailing party. *Falther v. Toney,* 5th Dist. Fairfield No. 05 CA 32, 2005-Ohio-5954, ¶ 28.

*{¶13}* In the case sub judice, the Appellant prevailed upon his claim for damages and the fact that the award was less than the demand does not change that result. Appellee has suggested that a significantly higher offer was made and the fact that the verdict was for a lesser amount supports a finding that the Appellant was not the prevailing party. That offer is not part of the record, so we may not consider it. Even if it was part of the record, the Appellant would still be the prevailing party based upon our holding in *Falter, Id.*

**{¶14}** The Appellant was presumed to be entitled to its costs, and any deviation from that presumption must be supported by explanation. The trial court did not provide its rationale for taxing costs to Appellant in its initial judgment or in its denial of Appellant's Motion to Tax Costs. Appellee relies upon the decision in *Vance v. Roedersheimer*, 64 Ohio St.3d 552, 1992-Ohio-24, 597 N.E.2d 153 (1992) contending that the trial court's decision was supported by the record. Appellant's argument requires a finding that the record reflects an offer in excess of the jury's verdict, but, as noted above, that detail is not part of the record. Even if the offer was in the record, *Vance* is inapposite "because *Vance* involved an arbitration award rather than a settlement offer." *Falther, supra* at ¶

28. The same analysis and the same result applies to the case before us because the case involves an alleged settlement offer and not an arbitration award. Further, "*Vance* does not permit the trial court to exercise its discretion to determine which party is the prevailing party or to award court costs to the non-prevailing party." *Day v. Meijer, Inc.,* 10th Dist. Franklin No. 99AP-984, 2000 WL 726688, *2 (June 6, 2000).

{¶15} Appellee cites *Naples v. Kinczel,* 8th Dist. Cuyahoga No. 89138, 2007-Ohio-4851, but his citation is incomplete, as the paragraph following the portion that Appellee cites lists pertinent factors that should not be considered when the trial court exercises its discretion:

> This court has also identified factors that a district court should ignore when determining whether to exercise its discretion and deny costs. Examples of inappropriate factors include the **size of a successful litigant's recovery**, and the ability of the prevailing party to pay his or her costs. Other courts have identified factors that may be considered but, in the absence of other relevant factors, do not warrant an exercise of discretion under Rule 54(d). An example of a relevant but insufficient basis for denying costs is the good faith a losing party demonstrates in filing, prosecuting or defending an action. Another is the propriety with which the losing party conducts the litigation. (Emphasis added.)

*Id*, at ¶ 4.

{¶16} The Appellee purports to submit the conclusion reached by the court in *Naples,* but we find that Appellee has omitted a significant portion of the relevant

paragraph that immediately follows that portion cited by Appellee.  The court in *Naples* concluded:

> The trial court may, in its discretion, deny costs to the prevailing party or otherwise allocate costs, where an expense is unusual in type or amount, where because of the prevailing party's conduct it is inequitable to assess against the non-prevailing party, or where the circumstances otherwise reasonably dictate.

*Naples*, ¶ 5.

**{¶17}** We have reviewed the record presented to us and we have found nothing to indicate there was an expense that was unusual in type or amount, that prevailing party's conduct made it inequitable to assess against the non-prevailing party or any other circumstance that would support assessing the costs to Appellant.  While the amount of the judgment may be less than what was sought by Appellant, we are unwilling to characterize it as insignificant.

**{¶18}** Appellee suggests that the rational for the trial court's decision is clear on the fact of the record, but, aside from the comment regarding the size of the award, Appellee has not cited any portion of the record in support of such a finding. As noted above, our review of the record has not disclosed support for the trial court's award of costs. Further, we note that Appellee has not contended that the items submitted by Appellant to be charged as costs are excessive or that they should not be characterized as costs that are recoverable under Civ.R. 54(D).

**{¶19}** We find that the trial court abused its discretion by ordering that the prevailing party must pay costs and by denying Appellant's motion to tax costs.  We

further hold that Appellant is entitled to an order awarding him costs, and, therefore, we reverse the decisions of the Muskingum County Court of Common Pleas that ordered Appellant to pay costs and denied his motion to tax costs.  We further order that the Muskingum County Court of Common Pleas enter an order awarding costs to Appellant.

By: Baldwin, J.

Delaney, P.J. and

Wise, Earle, J. concur.