[Cite as *Hoffman v. Arthur*, 2021-Ohio-2318.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DOUGLAS G. HOFFMAN | : | JUDGES: |
| | : | |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2020CA0009 |
| | : | (consolidated with 2020CA0016) |
| PHILLIP F. ARTHUR, EXECUTOR OF | : | |
| THE ESTATE OF SANDRA L. | : | |
| HOFFMAN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Coshocton County
Court of Common Pleas, Case No. 19-
CI-0424

JUDGMENT:      REVERSED AND REMANDED;
MOTION TO DISMISS DENIED

DATE OF JUDGMENT ENTRY:      July 7, 2021

APPEARANCES:

For Plaintiff-Appellee:

ROBERT E. WEIR
305 Main Street
Coshocton, OH 43812

For Defendant-Appellant:

BRAIN W. BENBOW
BENBOW LAW OFFICES LLC
265 Sunrise Center Drive
Zanesville, OH 43701

*Delaney, J.*

{¶1} Defendant-Appellant Phillip F. Arthur, Executor of the Estate of Sandra L. Hoffman appeals the June 25, 2020 and November 3, 2020 judgment entries of the Coshocton County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

### The Probate Court Proceedings

{¶2} On December 15, 2015, Plaintiff-Appellee Douglas G. Hoffman filed an action in the Coshocton County Probate Court entitled *Hoffman v. Hoffman*, Case No. 21540001. In his complaint, Hoffman alleged his mother, Sandra Hoffman, in her capacity as successor Trustee of the Kenneth G. Hoffman Revocable Trust and as Trustee of the Sandra L. Hoffman Revocable Trust improperly transferred real property to Defendant Phillip F. Arthur and Defendant Jahweh, LLC. Phillip F. Arthur was the sole member of Jahweh, LLC. Hoffman asserted a claim of undue influence against Arthur and claims for declaratory judgment and constructive trust against Sandra Hoffman.

{¶3} On July 8, 2016, the Probate Court appointed Jetta Mencer as the Guardian of the Person and Estate of Sandra Hoffman. Jetta Mencer (hereinafter "Guardian") was substituted for Sandra Hoffman in the Probate Court proceedings. In her responsive pleadings, the Guardian asserted a counterclaim alleging undue influence by Douglas Hoffman and requested an accounting. The Guardian also claimed undue influence and breach of fiduciary duty in her cross-claim against Phillip Arthur and Jahweh, LLC.

{¶4} Phillip Arthur filed an answer, alleging claims for declaratory judgment and unjust enrichment.

*The Guardian's Judgment Against Douglas Hoffman*

{¶5} On August 3, 2017, the Guardian filed a motion for summary judgment against Douglas Hoffman. In her motion, the Guardian argued there was no genuine issue of material fact that Douglas Hoffman improperly made cash withdrawals from Sandra Hoffman's accounts and applied it to his own use. On October 5, 2017, the Probate Court granted the Guardian's motion for summary judgment against Douglas Hoffman. The Probate Court ordered Douglas Hoffman "to return to the Guardian $408,162.69 wrongfully taken from Sandra Hoffman." (Judgment Entry, October 5, 2017). On November 6, 2017, the trial court issued a final judgment against Douglas Hoffman in the amount of $408,162.69.

{¶6} On November 20, 2017, the Probate Court issued a Certificate of Judgment for Lien upon Lands and Tenements in Case No. 2017JLD139 for the November 6, 2017 judgment.

{¶7} Douglas Hoffman appealed the Probate Court's November 6, 2017 judgment entry to this Court in Case No. 2017CA0014. We dismissed the appeal on April 20, 2018 for lack of a final appealable order. Upon reconsideration, we reactivated the appeal on May 18, 2018. Douglas Hoffman voluntarily dismissed his appeal on September 13, 2018.

*The Settlement Agreement: Probate Court Retains Jurisdiction*

{¶8} Douglas Hoffman, the Guardian, Phillip Arthur, and Jahweh, LLC entered into a Settlement Agreement and Release, effective January 20, 2018. Relevant to this appeal, the terms of the Settlement Agreement state as follows:

* * *

**WHEREAS**, on October 5, 2017, the Coshocton County Probate Court entered a judgment in favor of the Guardian against Plaintiff Doug Hoffman in the Litigation, ordering Doug to return to the Guardian $408,162.69 taken from Sandra; and

* * *

10. **The Defendants' Release of the Plaintiffs, the Guardian, and her ward, Sandra**. In consideration of the foregoing promises, the Defendants [Phillip Arthur and Jahweh, LLC] and their respective heirs, members, successors, predecessors, agents, representatives, assigns, insurers, insureds, or any other person or entity affiliated with the Defendants irrevocably and unconditionally release, acquit and forever discharge the Plaintiffs, the Guardian, and her ward, Sandra, and their respective heirs, successors, predecessors, agents, representatives, assigns, insurers, insureds, or any other person or entity affiliated with the Plaintiffs, the Guardian, and her ward, Sandra, from any and all rights, claims, duties, obligations, liabilities, causes of action, demands, damages (including punitive and exemplary damages), contract rights, costs, penalties, claims of attorney's fees, bad faith and expenses, contributions and indemnities whatsoever, in law or in equity, past or present, pending or not pending, known or unknown, foreseen or unforeseen ("Claims"), which may exist against the Plaintiffs, the Guardian, or her ward, Sandra, including but not limited to all Claims in any way related to any allegations or claims at issue in the litigation.

\* \* \*

12. **<u>No Effect on the Judgment Against Doug</u>**. The Parties agree that this Agreement has no effect on the Guardian's judgment against Plaintiff Doug Hoffman, which remains in full force and effect.

\* \* \*

17. **<u>Governing Law and Venue</u>**. This Agreement is governed by and shall be interpreted under Ohio law. The sole and exclusive venue for any litigation among the Parties that may arise out of, or is related to this Agreement is in the Coshocton County Common Pleas Court, Probate Division (the "Court").

{¶9} On January 18, 2018, the trial court issued a Final Judgment Entry that states in pertinent part:

\* \* \*

The Parties represent that the Agreement has no effect on the order and judgment entered on October 5, 2017 granting summary judgment for compensatory damages of $408,162.69 in favor of Guardian on her Counterclaim against Plaintiff Douglas G. Hoffman, which is unpaid in full. Based upon the Agreement and consent of the Parties, it is hereby

\* \* \*

ORDERED, that pursuant to the Agreement this Court shall retain jurisdiction to enter any all subsequent orders that may be necessary to implement, interpret or enforce the rights or obligations of the Parties under the Agreement.

*Sandra Hoffman's Estate*

{¶10} Sandra Hoffman passed away on September 8, 2018.

{¶11} On June 4, 2019, Robert Weir, counsel for Douglas Hoffman, applied to probate the will for Sandra Hoffman. He also filed a motion to bypass the will of Sandra Hoffman. On August 23, 2019, Phillip Arthur applied for authority to administer the estate because the Last Will and Testament of Sandra Hoffman named Phillip Arthur as Executor. On September 13, 2019, the trial court appointed Robert Weir, Douglas Hoffman's attorney, as the Administrator WWA of the Estate of Sandra Hoffman.

*Douglas Hoffman's Original Motion for Summary Judgment*

{¶12} On October 22, 2019, Douglas Hoffman filed a motion for summary judgment in the Probate Court proceeding. In his motion for summary judgment, Douglas Hoffman argued: (1) Phillip Arthur previously released all rights to inheritance from the Estate of Sandra Hoffman based on the Settlement Agreement, (2) the contingent beneficiaries to the will of Sandra Hoffman had no standing to make a claim to inherit the assets, and (3) Douglas Hoffman satisfied the $408,169.62 judgment. In support of his motion, he attached the affidavit of the Guardian and Larry J. McClatchey. The October 21, 2019 affidavit of the Guardian stated in pertinent part:

* * *

3. I retained Larry J. McClatchey to represent the Guardian in the Guardianship Case.

* * *

5. Subsequent to the settlement of in the Guardianship Case with Phillip F. Arthur and Jahweh, LLC, there were monies owed to Larry J. McClatchey

for legal services rendered in the Litigation, Successor Trustee and Guardian fees and monies owed to Medicaid for Sandra L. Hoffman's case.

6. Douglas G. Hoffman is the sole contingent surviving beneficiary of the Kenneth Trust and Sandra Trust.

7. To satisfy the $408,169.62 judgment rendered in favor of the Guardian against Douglas G. Hoffman in the Guardianship Case, I sold as Successor Trustee of the Kenneth Trust and Sandra Trust 21.97 acres for $180,195.00 (Exhibit "D") and 66.8495 acres of $480,720.00 (Exhibit "E") with the consent of Douglas G. Hoffman, judgment debtor and sole contingent surviving beneficiary of the Kenneth Trust and Sandra Trust.

8. The net proceeds from the above sales were used to pay Larry J. McClatchey for attorney fees, the Successor Trustee and Guardian fees, the claim for Medicaid reimbursement to the State of Ohio and anticipated capital gains taxes.

9. As a result of the above satisfaction, the Guardian's Account, the final account, does not include the judgment of $408,169.62 rendered in favor of the Guardian against Douglas G. Hoffman in the ITEMIZED STATEMENT OF ALL FUNDS, ASSETS AND INVESTMENTS that asset is no longer in existence.

*Probate Court Denies Summary Judgment as to Satisfaction of Judgment*

{¶13} On December 2, 2019, the Probate Court issued a judgment entry addressing multiple pending issues. First, the Probate Court admitted the Last Will and Testament of Sandra Hoffman, dated August 17, 2015, and appointed Phillip Arthur as

the Executor of the Estate. Second, Robert Weir was removed as fiduciary. Third, the Probate Court denied the October 22, 2019 motion for summary judgment filed by Douglas Hoffman.

## The Common Pleas Court Proceedings

*Complaint Filed One Day After the Probate Court Denied Summary Judgment*

{¶14} On December 3, 2019, Douglas Hoffman filed a complaint in the Coshocton County Court of Common Pleas, General Division, against Defendant-Appellant Phillip Arthur, Executor of the Estate of Sandra Hoffman, requesting (1) specific performance of the agreement by filing a release of the Judgment Lien, 2017JLD139, and by filing a satisfaction of the $408,169.62 Judgment Entry rendered in favor of the Guardian against Douglas Hoffman and (2) declaratory judgment that the judgment of the Guardian against Douglas Hoffman has been satisfied.

{¶15} Counsel for Phillip Arthur requested an extension to file an answer.

*Identical Motion for Summary Judgment*

{¶16} On April 20, 2020, Douglas Hoffman filed a motion for summary judgment arguing he was entitled to judgment as a matter of law that the $408.169.62 judgment against him was satisfied. The motion for summary judgment Douglas Hoffman filed in the Common Pleas Court was virtually identical to the October 22, 2019 motion for summary judgment he filed in the Probate Court. In support of the motion for summary judgment filed in Common Pleas, Douglas Hoffman attached copies of the affidavits of the Guardian and Larry J. McClatchey he originally filed with the Probate Court in support of his October 22, 2019 motion for summary judgment and the following attachments: (A) October 5, 2017 judgment entry of the Probate Court; (B) Settlement Agreement and

Release; (C) January 18, 2018 judgment entry of the Probate Court; (D) deed of transfer; (E) deed of transfer; (F) June 4, 2019 Last Will and Testament of Sandra Hoffman; (G) June 4, 2019 Application to Probate Will; (H) August 23, 2019 Application to Probate Will; (I) August 23, 2019 Last Will and Testament of Sandra Hoffman; (J) September 13, 2019 judgment entry of the Probate Court; (K) December 2, 2019 judgment entry of the Probate Court; (L) December 3, 2019 judgment entry admitting Sandra Hoffman's will to Probate; (M) warranty deed; (N) November 11, 2017 judgment lien issued by the Probate Court; and (O) December 11, 2018 Guardian accounting. Douglas Hoffman also filed his affidavit, which repeated the language of the motion for summary judgment and complaint.

{¶17} On May 11, 2020, counsel for Phillip Arthur withdrew and Arthur proceeded pro se. Phillip Arthur filed a motion to extend his response date to the motion for summary judgment.

{¶18} On June 25, 2020, the trial court issued a judgment entry, which first denied Phillip Arthur's motion for enlargement of time and second, granted Douglas Hoffman's motion for summary judgment. The trial court ordered Phillip Arthur to "specifically perform the agreement of the parties by executing and filing a release of the Judgment Lien, 2017JLD139, and by executing and filing a satisfaction of the $408,169.62 Judgment Entry rendered in favor of the Guardian against Plaintiff." (Judgment Entry, June 25, 2020). The trial court next entered declaratory judgment in favor of Douglas Hoffman that the judgment lien was satisfied. Phillip Arthur filed a notice of appeal of the June 25, 2020 judgment entry in Case No. 2020CA0009.

*Douglas Hoffman Certifies the Judgment is Satisfied*

{¶19} On July 21, 2020, Douglas Hoffman filed a motion for contempt, arguing that Phillip Arthur failed to execute and file a satisfaction of the judgment lien.

{¶20} On July 23, 2020, the Common Pleas Court granted Douglas Hoffman leave to execute and file a release of the judgment lien in Case No. 2017JLD139. On July 29, 2020, Douglas Hoffman filed a "Certificate of Release of Judgment Lien" signed by Douglas Hoffman.

{¶21} On August 24, 2020, Phillip Arthur, represented by counsel, filed a motion to stay the June 25, 2020 judgment entry pending appeal. The Common Pleas Court granted the motion, dependent upon Phillip Arthur filing a supersedeas bond in the amount of $408,169.62.

{¶22} On September 15, 2020, Phillip Arthur filed a motion to vacate and void the June 25, 2020 judgment entry for lack of subject matter jurisdiction.

{¶23} On September 23, 2020, Phillip Arthur filed a motion to stay before this Court. We remanded the matter to the trial court to rule on the pending September 15, 2020 motion to vacate and void the judgment.

{¶24} On November 3, 2020, the Common Pleas Court denied the motion to vacate the June 25, 2020 judgment entry. Phillip Arthur appealed that decision to this Court in Case No. 2020CA0016.

{¶25} The June 25, 2020 and November 3, 2020 judgment entries are now before this Court upon appeal. Also pending for this Court's resolution is Douglas Hoffman's motion to dismiss the appeals due to Phillip Arthur's failure to post the supersedeas bond.

## ASSIGNMENTS OF ERROR

{¶26} Phillip Arthur raises three Assignments of Error:

{¶27} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING APPELLANT'S MOTION TO VACATE AND VOID THE TRIAL COURT'S JUNE 25, 2020 JUDGMENT ENTRY FOR LACK OF SUBJECT MATTER JURISDICTION. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ISSUING A JUDGMENT WHEN IT HAD NO POWER TO DO BY THE DECLARATORY JUDGMENT ACT. WHILE THE TRIAL COURT HAS THE INHERENT AUTHORITY TO VACATE ITS OWN JUDGMENTS, THE TRIAL COURT LACKS ANY POWER TO OVERRULE JUDGMENTS OF ANOTHER COURT, WHICH POWER IS EXCLUSIVELY CONFERRED UPON COURTS OF APPEALS BY THE OHIO CONSTITUTION. THE TRIAL COURT ACCORDINGLY VIOLATED THE OHIO CONSTITUTION BY VACATING A JUDGMENT OF ANOTHER COURT.

{¶28} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING APPELLANT'S MOTION TO VACATE AND VOID THE UNILATERAL JUDGMENT ENTRY FOR LACK OF SUBJECT MATTER JURISDICTION, SERVICE OF PROCESS, PERSONAL JURISDICTION AND PROCEDURAL DUE PROCESS.

{¶29} "III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHEN THERE WAS NO GENUINE ISSUES OF MATERIAL FACT AND WHEN APPELLEE HAD NOT RIGHT TO JUDGMENT AS A MATTER OF LAW. APPELLANT WAS INSTEAD ENTITLED TO JUDGMENT AS A MATTER OF LAW."

# ANALYSIS

## I., II., and III.

{¶30} We consider Phillip Arthur's three Assignments of Error together because they are interrelated. Phillip Arthur contends the Common Pleas Court was without subject matter jurisdiction to consider Douglas Hoffman's complaint as to the satisfaction of the judgment lien because the Probate Court had jurisdiction over the matter. We agree.

## Summary Judgment

{¶31} Because the Common Pleas Court first granted summary judgment in favor of Douglas Hoffman and then denied Phillip Arthur's motion to vacate, we start our analysis with the trial court's decision to grant summary judgment.

### *Standard of Review*

{¶32} We refer to Civ.R. 56(C) in reviewing a motion for summary judgment. The moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶33} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall*, 77 Ohio St.3d 421, 429,

674 N.E.2d 1164 (1997), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

{¶34} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

*Settlement Agreement Confers Jurisdiction to Probate Court*

{¶35} Douglas Hoffman argued in his motion for summary judgment before the Common Pleas Court that there was no genuine issue of material fact the judgment lien issued by the Probate Court had been satisfied. In demonstrating there was no genuine issue of material fact, Douglas Hoffman submitted as Civ.R. 56 evidence the parties' Settlement Agreement, the January 18, 2018 judgment entry issued by the Probate Court memorializing the Settlement Agreement, and the December 2, 2019 judgment entry of the Probate Court denying Douglas Hoffman's motion for summary judgment on the same issue.

{¶36} Phillip Arthur did not file a response to the motion for summary judgment in the Common Pleas Court proceeding. On appeal, he contends there were genuine issues of material fact raised in Douglas Hoffman's motion for summary judgment that should have precluded judgment in Hoffman's favor. Upon our de novo review of the Civ.R. 56 evidence provided by Douglas Hoffman to the Common Pleas Court, we agree there was evidence to demonstrate that reasonable minds could come to differing conclusions that Douglas Hoffman was not entitled to judgment as a matter of law because the Common

Pleas Court was without jurisdiction to consider Douglas Hoffman's complaint for specific performance and declaratory judgment.

{¶37} There is no genuine issue of material fact that on October 5, 2017, the Probate Court granted summary judgment for compensatory damages of $408,162.69 in favor of Guardian on her counterclaim against Douglas G. Hoffman. The Probate Court issued a Certificate of Judgment for Lien upon Lands and Tenements on November 20, 2017 in Case No. 2017JLD139 as to the $408,162.69. The Settlement Agreement and January 18, 2018 judgment entry specifically referred to the $408,169.62 judgment against Hoffman. In his motion for summary judgment before the Common Pleas Court, Douglas Hoffman argued the $408,162.69 judgment issued by the Probate Court had been satisfied.

{¶38} In his motion for summary judgment, Douglas Hoffman referred the Common Pleas Court to the Settlement Agreement. He did not, however, direct the trial court to a relevant term of the Settlement Agreement:

> 17. **Governing Law and Venue**. This Agreement is governed by and shall be interpreted under Ohio law. *The sole and exclusive venue for any litigation among the Parties that may arise out of, or is related to this Agreement is in the Coshocton County Common Pleas Court, Probate Division (the "Court").*

(Emphasis added.)

{¶39} A settlement agreement is a particularized form of a contract. *Breech v. Liberty Mut. Fire Ins. Co.*, 5th Dist. No. 2017CA00012, 2017-Ohio-9211, 101 N.E.3d 1199, 2017 WL 6550473, ¶ 34 citing *Hinds v. Muskingum Cty.*, 5th Dist. Muskingum No.

CT2016-0063, 2017-Ohio-8212, 2017 WL 4675812, ¶ 17 citing *Noroski v. Fallet*, 2 Ohio St.3d 77, 79, 442 N.E.2d 1302 (1982). It is a "contract designed to terminate a claim by preventing or ending litigation, and * * * such agreements are valid and enforceable by either party." *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502, 660 N.E.2d 431 (1996). Douglas Hoffman made no assertion that the Settlement Agreement was invalid or unenforceable in his motion for summary judgment. Hoffman contractually agreed the Probate Court had exclusive jurisdiction over any litigation arising out of or relating to the Settlement Agreement.

{¶40} Douglas Hoffman referred to the January 18, 2018 final judgment entry of the Probate Court memorializing the Settlement Agreement in his motion for summary judgment. The Probate Court judgment entry, attached to the motion for summary judgment, stated:

> ORDERED, that pursuant to the Agreement this Court shall retain jurisdiction to enter any all subsequent orders that may be necessary to implement, interpret or enforce the rights or obligations of the Parties under the Agreement.

{¶41} There is no factual dispute the $408,169.62 judgment against Douglas Hoffman originated from the Probate Court proceedings. Through the Settlement Agreement, the parties agreed to the Probate Court's continuing jurisdiction over all matters related to the Probate Court proceedings. Douglas Hoffman's declaratory judgment action before the Common Pleas Court arose out of or was related to the Probate Court proceedings. Pursuant to the Settlement Agreement and the January 18, 2018 Probate Court judgment entry provided as Civ.R. 56 evidence, we find there is a

genuine issue of material fact whether the Probate Court, not the Common Pleas Court, retained exclusive jurisdiction over all subsequent orders necessary to implement, interpret, or enforce the rights or obligations of the parties under the Settlement Agreement, thereby barring Douglas Hoffman's requests for relief from the Common Pleas Court.

## Motion to Vacate

{¶42} We next consider Phillip Arthur's motion to vacate or void the June 25, 2020 judgment entry for lack of subject matter jurisdiction. He argues the Common Pleas Court was without subject matter jurisdiction to consider Hoffman's complaint because of the jurisdictional priority rule. We agree.

{¶43} The jurisdictional-priority rule states: "'[A]s between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.'" *Holmes Cty. Bd. of Commrs. v. McDowell*, 5th Dist. No. 05CA007, 169 Ohio App.3d 120, 2006-Ohio-5017, 862 N.E.2d 136, ¶ 25 quoting *State ex rel. Racing Guild of Ohio v. Morgan*, 17 Ohio St.3d 54, 56, 17 OBR 45, 476 N.E.2d 1060 (1985), quoting *State ex rel. Phillips v. Polcar*, 50 Ohio St.2d 279, 4 O.O.3d 445, 364 N.E.2d 33 (1977), syllabus. "Once a court acquires jurisdiction over a cause, its authority continues until the matter is completely and finally disposed of, and no court of coordinate jurisdiction is at liberty to interfere with its proceedings." *Duckworth v. Burger King Corp.*, 159 Ohio App.3d 540, 2005-Ohio-294, 824 N.E.2d 592, ¶ 13, citing *John Weenink & Sons Co. v. Cuyahoga Cty. Court of Common Pleas* (1948), 150 Ohio St. 349, 38 O.O. 189, 82 N.E.2d 730, paragraph three of the syllabus.

{¶44} The rule contemplates a two-part test. First, there must be cases pending in two different courts of concurrent jurisdiction involving substantially the same parties; and, second, the ruling of the court subsequently acquiring jurisdiction may affect or interfere with the resolution of the issues before the court where suit was originally commenced. *Id.*

{¶45} When the test is satisfied, the court whose power was last invoked should dismiss the claims for lack of subject-matter jurisdiction.

{¶46} We find the two-part test has been met in the present case.

{¶47} The Probate Court proceedings involving Douglas Hoffman, Phillip Arthur, and the Guardian were originally commenced in 2015 and resolved by a Settlement Agreement. On January 18, 2018, the Probate Court ordered that it retained jurisdiction to enter all subsequent orders that may be necessary to implement, interpret or enforce the rights or obligations of the parties under the Settlement Agreement. On October 22, 2019, Douglas Hoffman filed a motion for summary judgment in the Probate Court, where he and Phillip Arthur were parties involved in the Estate of Sandra Hoffman. In his motion for summary judgment, Douglas Hoffman argued in part that he had satisfied the $408,169.62 judgment memorialized in the Settlement Agreement and January 18, 2018 judgment entry. On December 2, 2019, the Probate Court denied Hoffman's October 22, 2019 motion for summary judgment.

{¶48} On December 3, 2019, one day after the negative ruling by the Probate Court, Douglas Hoffman filed a complaint in the Common Pleas Court, naming Phillip Arthur as the defendant. It is undisputed that in his complaint, Douglas Hoffman requested from the Common Pleas Court the same relief that he had been denied by the Probate

Court. On June 25, 2020, the Common Pleas Court granted judgment in favor of Douglas Hoffman, thereby affecting and interfering with the resolution of the issue before the Probate Court where the suit was originally commenced and had been vested with continuing jurisdiction by agreement of the parties.

{¶49} We find the jurisdictional-priority rule divested the Common Pleas Court of subject-matter jurisdiction as to Douglas Hoffman's claims for satisfaction of the judgment originating in the Probate Court.

{¶50} Accordingly, we conclude the Common Pleas Court erred as to its jurisdiction to consider Douglas Hoffman's complaint when it granted summary judgment in favor of Douglas Hoffman and denied Phillip Arthur's motion to vacate. The three Assignments of Error raised by Phillip Arthur are sustained.

## Motion to Dismiss Appeals

{¶51} On September 25, 2020, Douglas Hoffman filed a motion to dismiss the appeals of the June 25, 2020 and November 3, 2020 judgment entries for Phillip Arthur's failure to post a supersedeas bond as ordered by the Common Pleas Court. Pursuant to our rulings above, we find Douglas Hoffman's motion to dismiss the within appeals for failure to post the supersedeas bond to be not well taken and we deny the same.

## CONCLUSION

{¶52} The June 25, 2020 and November 3, 2020 judgment entries of the Coshocton County Court of Common Pleas are reversed, and the matter is remanded to the trial court for further proceedings consistent with this Opinion and law.

By: Delaney, J.,

Baldwin, P.J. and

Gwin, J., concur.